## Wilson v. Richards.

1. ABSOLUTE CONVEYANCES *to be construed as mortgages.* A deed of real estate, absolute on its face, given to secure the payment of a sum of money, as between the parties, and all persons having knowledge of the purpose for which it is given, must be construed as a mortgage.

2. STATUTE OF LIMITATION: *Suits to redeem.* As against the right to redeem a conveyance absolute in its terms, but in fact a mortgage upon unoccupied land, the statute of limitations does not begin to run until tender of the money secured by the mortgage, and refusal to reconvey.

This was an appeal from a decree of the District Court for Otoe county. The facts fully appear in the opinion.

LAKE, J.

The testimony in this case proves that, on the 4th day of January, A. D. 1858, the defendant Hills, acting as the agent of Seth Richards, loaned to one Thomas L. Golden a bounty land warrant with which to enter the land, which is the subject of this controversy. Golden agreed to pay Hills for said warrant the sum of two hundred and eighty dollars, twelve months thereafter, and gave his note therefor. To secure the payment of the note, he conveyed said land to Hills, by a deed absolute on its face, and took back a bond for a reconveyance when the note should be paid. In June of the same year, Golden, by warranty deed, conveyed his equity of redemption to the plaintiff. In this deed there is a stipulation that she took the land subject to Hills' lien which she was to pay. Hills had actual notice of the plaintiff's purchase, and agreed to surrender the title to her upon being paid the amount of his claim. Seth Richards, being Hills' principal, and the real party in interest, was affected by this notice, and bound by whatever his agent had lawfully done in the premises. In November, 1859, Hills, for some purpose, executed to his principal, Seth Richards, a deed in fee. The latter, in October, 1868,

the land having become quite valuable, conveyed it by quit-claim deed to his nephew, John W. Richards, who, in his answer, claims to be an innocent purchaser without notice of the plaintiff's rights.

The testimony also shows that, before the bringing of this action and prior to the recording of the deed from Seth to John W. Richards, the plaintiff offered to pay to the former the whole amount due him and redeem the land, but this offer was refused.

Authorities need not be adduced to show that a deed of real estate, although absolute on its face, when given to secure the payment of a sum of money, as between the parties and all other persons having knowledge of the purpose for which it was given, must be construed as a mortgage merely. Section 29, chapter 43, of the Revised Statutes declares, "every deed conveying real estate which, by any other instrument in writing, shall appear intended only as a security in the nature of the mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage.

There can be no doubt, then, that the deed from Golden to Hills must be considered as a mortgage, and that Seth Richards, being the principal of Hills in the transaction, he can take no advantage of the plaintiff by obtaining a conveyance of the legal title from his agent.

As before stated, John W. Richards claims protection as an innocent purchaser, but there is nothing in the case to justify that claim. He occupies a very questionable attitude before the court. It is not shown that he ever paid a single dollar for the land, nor that he even knows of the existence of the deed which Seth Richards made to him. The deed is not shown to have been out of Seth Richards' possession, except during the time he left it with the county clerk for record. He has observed a studied silence in this controversy, and the meagre showing that is made

falls far short of clothing him in the garb of an innocent purchaser, and he must be regarded as the mere tool of Seth Richards in his unjustifiable attempt to cheat the plaintiff out of this land.

But one other point needs be noticed. It is insisted, with much earnestness, that this action cannot be maintained by reason of the statute of limitations, approved February 12, 1869. By this act "an action for the recovery of the title or possession of lands, tenements or hereditaments, can only be brought within ten years after the cause of action shall have accrued." This act is amendatory of section six of Title II. of the Code of Civil Procedure, which was in force when the note given to Hills by Golden fell due; in which the bringing of such an action was limited to twenty-one years, and it is insisted by the plaintiff that this and not the act of 1869, governs this case. There is certainly quite a conflict of authorities on this point, but it is wholly unnecessary to enter into an examination of them.

We think there was a misapprehension in the court below, as well as by counsel, as to the time the right of action accrued.

It must be borne in mind that this land during most, if not all the time since its entry, has been wholly unoccupied, and that until about the month of June, 1869, no tender of the money for which it was mortgaged had been made, nor had there been any refusal to reconvey.

Under this state of facts we are of the opinion that the statute did not commence to run until the tender of the money and the refusal to reconvey took place.

The judgment of the court below is in all things affirmed.

Judgment affirmed.