A. R. GAGE, PLAINTIFF IN ERROR, v. JOHN M. ROBERTS, DEFENDANT IN ERROR.

1. Pleading: ACTION ON NOTE. In an action upon a promissory note it is sufficient to allege the making and delivery of the note, set out a copy of the same, and allege that there is due thereon from the maker to the plaintiff a specified sum.

2. ――――: ――――. Under section 129 of the code, where a copy of the instrument sued upon is set out as a part of the petition, it must be alleged that there is due thereon from the adverse party to the plaintiff a specific sum, unless these facts may be inferred from others pleaded.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*J. H. Lucas,* for plaintiff in error.

*John Dawson,* for defendant in error.

MAXWELL, J.

In September, 1880, the defendant filed the following petition in the district court of Harlan county:

" John M. Roberts v. A. R. Gage. The plaintiff states that this action is founded upon a promissory·note, of which the following is a copy with the credits thereon:

REPUBLICAN CITY, May 10, 1878.

Twenty months after date I promise to pay to the order of John M. Roberts, six hundred and thirty-four dollars, (634.00), for value received, with ten per cent. interest thereon from date, and if the interest thereon is not promptly paid annually, the same shall become a part of the principal and bear the same rate of interest.

A. R. GAGE.

That no part of which has been paid except the sum of three hundred and twenty-six dollars and forty cents.

That there is now due plaintiff from defendant the sum of four hundred and thirty-eight dollars, for which he claims judgment with interest from the 10th day of May, 1878, and the costs of this action."

To this petition Gage filed a general demurrer, upon the ground that the facts stated in the petition did not constitute a cause of action against him. The demurrer was overruled and judgment rendered in favor of Roberts for the sum of $542.50 and costs.

The error assigned in this court is that the court erred in overruling the demurrer. The objections seem to be that a copy of the note is set out as a part of the petition, and the failure to allege that Gage made and delivered the note to Roberts.

Judge Swan in his valuable work on Pleading and Pre-
cedents, pages 199, 200, says:

" Upon a note for the payment of specific articles, or
upon a bond conditioned to perform some act, or upon a
contract of guaranty, in these and the like cases, where
the instrument relates solely to the facts constituting the
cause of action, it is not only proper, but the best mode,
to allege the making of the instrument, and then set it
out in full and allege a breach.   Again, the stipulation or
covenant upon which the breach is assigned, is frequent-
ly either qualified or enlarged, or the right of the party
complaining of its breach, is dependent upon his per-
formance of all other stipulations of the agreement.   In
such cases, if the agreement is not copied into the plead-
ing, it is, in general, necessary to recite substantially the
whole agreement, and aver, generally or specifically per-
formance, or an offer to perform; and, consequently, the
party may, instead of such recital, copy the agreement
into the pleading; for, these two modes of pleading are,
in such cases, equally concise, definite and relevant to
the facts.   Thus, upon a building contract, or a policy of
insurance, or an agreement between vendor and vendee
for the sale of goods or real estate, and the payment of
the purchase money; in these, and like cases, the stipula-
tions on both sides being mutual and dependent, must be
stated substantially in the words of the instrument, and
a copy of the agreement may therefore be set forth in
the pleading as a substitute for its recital.   *   *   *   It
will be perceived from what has already been said upon
this subject, that an instrument may be copied into the
pleading whenever that mode of stating the facts does
not introduce such an amount of irrelevant matter as to
obscure the precise nature of the charge or defense, or
materially increase the costs of the record."

We regard the above as a correct statement of the law.

Gage v. Roberts.

There is therefore no cause of complaint because a copy of the note is set out as a part of the petition.

The second question is more serious. There is no allegation in the petition that Gage made and delivered the note in question to Roberts, nor is it alleged that the sum claimed is due upon the note in controversy. Section 129 of the code provides that: "In an action, counter-claim or set-off, founded upon an account, promissory note, bill of exchange, or other instrument, for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, with all credits and endorsements thereon, and to state that there is due to him *on such account or instrument*, from the adverse party, a specified sum, which he claims with interest."

The section above quoted requires the plaintiff to state in his petition "that there is due him on such account or instrument from the adverse party a specified sum which he claims with interest." This provision is entirely ignored in the petition in this case. Nor are there any facts stated therein from which the legal liability of Gage to Roberts for the sum claimed to be due, appears. This court will construe pleadings with great liberality, in order to sustain them if possible; but the failure to state material facts cannot be aided by construction. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.