EDWARD COLLINGWOOD, PLAINTIFF IN ERROR, v. THE
MERCHANTS BANK, DEFENDANT IN ERROR.

1. **Pleading**: PETITION ON ACCOUNT. The provisions of section
129 of the code, which provides in effect that a plaintiff may set
out in his petition a copy of the account or instrument sued on,
with all credits, and allege that there is due thereon from the
defendant to the plaintiff a specified sum, is permissive merely.

2. **Banks**: PAROL AGREEMENT CONCERNING DRAFTS. One C., a de-
positor, purchased sight drafts at a bank to pay for cattle that
he expected to purchase in Colorado. At the same time he made
a parol agreement with the bank that if he did not purchase
cattle he might return the drafts to the bank and receive credit
for the amount thereof with interest. *Held,* That the parol agree-
ment was valid, and did not contradict the written agreement, as
it merely showed the purpose for which the drafts were procured
and delivered.

3. ————: ————: LIABILITY OF HOLDER. Where sight drafts were
purchased under an agreement that if not used for a specified
purpose they could be returned to the bank drawing the same
and credit given, the drafts being drawn in April, the drawee
being solvent until July of that year, but no presentment was
made at any time, nor any offer to return the drafts to the bank
until the succeeding December, *Held,* That as the drafts had
neither been presented nor returned to the bank in a reasonable
time the holder must bear the loss.

ERROR to the district court for Saline county. Heard
below before WEAVER, J.

*Brown & Ryan Bros.,* for plaintiff in error, cited: *Com-
mercial Bank v. Hughes,* 17 Wend., 94. Chitty on Bills,
218. *Pollard v. Bowen,* '57 Ind., 232. *Sheldon v. Hor-
ton,* 43 N. Y., 97. *Bryant v. Wilcox,* 49 Cal., 47. *Bar-
clay v. Weaver,* 19 Penn. St., 396. *Jones v. Fales,* 4 Mass.,
252. *Curtis v. Martin,* 20 Ill., 557. *Wood v. Price,* 46
Id., 436. If there has been in fact a waiver of demand or
notice, drawer is held in case of non-payment. *Tucker &
Co. v. Fairbanks,* 98 Mass., 101. *Parson v. Dickenson,* 23

Mich., 56. *Coddington v. Davis*, 1 New York, 86. *Spencer v. Harvey*, 17 Wend., 489. *Andrews v. Simms*, 33 Ark., 777.

*Marquett, Deweese & Hall*, for defendant in error.

MAXWELL, J.

The plaintiff alleges in his petition that in April, 1875, he had on deposit in the defendant bank the sum of $5,500, upon which, under an agreement, the bank was to pay eight per cent interest; that at that time the plaintiff, intending to go to Colorado for the purpose of purchasing a herd of cattle of one Daniels, entered into an agreement with said bank to surrender his certificates of deposit to the bank and take in lieu thereof certain bills of exchange or sight drafts on New York to the amount of $5,500; that it was expressly agreed that in case the plaintiff did not purchase said cattle of Daniels he was not to present the drafts to the drawee but should return the same to the defendant, who was to allow him eight per cent interest thereon, and to pay the plaintiff the sum of $5,500; that if the plaintiff should purchase said cattle of Daniels, and could get the time of payment of the money extended more than thirty days, then he was to return the drafts to the bank and was to receive in lieu thereof time drafts for a like amount, and in no event was the plaintiff to negotiate said drafts without thirty days' notice thereof; that in pursuance of said agreement the plaintiff, on the twenty-fourth of April, 1875, did surrender said certificates of deposit, and received in lieu thereof sight drafts on Saunders & Hardenburg, of New York, for the sum of $5,500; that on the twenty-fifth of April, 1875, the plaintiff went to Colorado to purchase said cattle from Daniels, but found that said herd had already been sold, and relying upon the agreement with the defendant he did not present said drafts to Saunders & Hardenburg for acceptance or payment, but retained the

same in his own possession; that on or about the twenty-fifth of July, 1875, Saunders & Hardenburg failed in business, and were and are wholly insolvent; that on the eighth of December, 1875, the plaintiff returned from Colorado to Lincoln and offered to surrender said drafts, and demanded the sum of $5,500 thereon together with interest at eight per cent thereon, but said defendant refused to pay the same or any part thereof, wherefore the plaintiff prays judgment for the sum of $5,500 together with interest thereon from the twenty-fifth day of April, 1875. A demurrer was sustained to the petition in the court below and the action dismissed. Does the petition state a cause of action?

The first objection in support of the demurrer is, that there is no allegation in the petition that there is due the bills of exchange a certain sum which the plaintiff claims with interest. This objection, however, is untenable, if the facts stated in the petition show a cause of action against the defendant in favor of the plaintiff. It is good pleading to state the amount due, and undoubtedly if the proper motion is filed for that purpose may be required in all cases.

Sec. 129 of the code provides that, in an action, counterclaim, or set-off founded upon an account, promissory note, bill of exchange, or other instrument for the unconditional payment of money only, it shall be *sufficient* for the party to give a copy of the account or instrument with all credits and indorsements thereon, and state that there is due to him on *such account* or *instrument* from the adverse party a specified sum which he claims with interest.

This mode of pleading is permissive merely, but a plaintiff, if he so desire, may state the facts in a different form.

' The case of *Gage v. Roberts*, 12 Neb., 276, failed either to allege the making and delivery of the note, or that there was due *thereon*, or words to that effect, from the defendant

petition did not show a liability of the defendant to the plaintiff.

The second objection is, that this action is upon the parol agreement, which contradicts the written agreement and is therefore invalid. The written agreement, as expressed in the drafts, was for the drawee to pay at sight the amount stated in the drafts. The parol agreement, as alleged in the petition and admitted by the demurrer, was that the plaintiff might use the drafts or not, as he saw fit. If he did not, he might return them to the bank and he would receive credit for the same. The parol agreement does not change or attempt to change the terms of the written agreement in any manner *if* the drafts are presented to the drawees for acceptance and payment; but merely provides that if the holder does not require the funds he need not use the drafts. The written agreement therefore is not the entire agreement, but it is partly in writing and partly in parol. Or even if we treat the parol agreement as collateral to the written agreement, still it would be valid. Thus, suppose an absolute deed is given for real estate. In such case the deed purports to convey the entire title, yet parol evidence is admissible to show the *purpose* for which the land was conveyed, and if as security for a debt it will be declared a mortgage. On the same principle, parol evidence is admissible to show the purpose for which the bills of exchange were delivered to the plaintiff in this case.

An agreement similar to this was before the supreme court of Indiana in *Pollard v. Bowen*, 57 Ind., 232, and held to be a valid agreement. The second objection is not well taken.

A third ground of objection is not referred to in the brief of either counsel, that is, upon whom must the loss fall in case of the insolvency of the drawee before the drafts are presented where there has been great delay in presenting them? In the absence of an agreement a to the plaintiff any sum whatever, and it was held that the

bill must be presented to the drawee for acceptance within a reasonable time, even though the drawer or indorser has sustained no actual loss by the delay, and has continued solvent up to the time of presentment. 1 Parsons on Notes and Bills, 266, and cases cited in notes. 1 Daniel on Neg. Inst., 344–5, and cases cited in notes. Among the reasons for presentment in a reasonable time are those stated by Eyrie, C. J., in *De Berdt v. Atkinson*, 2 H. Bl., where it is said: But consider on what ground an early demand is in general required. It is because if any delay takes place the effects may be gone out of the hands of the acceptor; and if the holder choose to wait he does it at *his own risk*. Now does not that rule prevail in this case? The drafts were made on the 24th of April, 1875. The parties upon whom they were drawn continued solvent to the latter part of July of that year, a period of about three months. The time required to go to Colorado and purchase the herd spoken of could not in any event have required longer than thirty days. The fact that the plaintiff took the drafts to purchase cattle would not prevent his applying them to any other purpose. He had the right to present them for acceptance and draw the money called for at any time. The bank, it is presumed, had funds in the hands of Saunders & Hardenburg to pay them, and there is no allegation that such was not the case. Now if these funds were lost through the laches of the party holding the drafts it would seem but just that he should bear the loss. The petition fails to state any reason for the failure of the plaintiff to either present the drafts for acceptance or return them to the defendant within a reasonable time, and for that reason does not state a cause of action. It may be said that the question of due diligence is one of mixed law and fact for a jury to determine under proper instructions. This is true where the facts are in dispute. But where the facts are conceded, as on a demurrer to a pleading, it is for the court to apply

the law to the facts. *Pollard v. Bowen,* 57 Ind., 232. The judgment is clearly right and must be affirmed.

JUDGMENT AFFIRMED.

LAKE, CH. J., concurred.

COBB, J., took no part in the decision.