CORTELYOU, EGE & VANZANDT V. SARAH F. HIATT.

FILED APRIL 11, 1893.    No. 4627.

1. **Action to Recover for Conversion of Note:** PETITION *held* to state a cause of action.

2. ———: TRIAL: OPENING AND CLOSING. Where it is necessary for the plaintiff to introduce any evidence in order to maintain his action he is entitled to open and close.

3. ———: ———: PURPOSE OF ASSIGNMENT MAY BE PROVED. Where a negotiable instrument is assigned as a mere security for a debt, the *purpose* for which the assignment was made may be proved to show the true nature of the transaction.

4. ———: EVIDENCE *held* to sustain the verdict.

5. **Instructions.** No error in the instructions.

Cortelyou v. Hiatt.

ERROR from the district court of Holt county. Tried below before HOPEWELL, J.

*H. M. Uttley* and *E. W. Adams,* for plaintiffs in error :

The plaintiff nowhere alleges that she is or was at the time of the alleged conversion the owner or entitled to the possession of the note which she accuses the defendants of having wrongfully and unlawfully converted to their own use. The petition does not state a cause of action. (Cooley, Torts, secs. 442, 445; *Smith v. Force,* 16 N. W. Rep. [Minn.], 704; *Bond v. Mitchell,* 3 Barb. [N. Y.], 304; *Wright v. Field,* 64 How. Pr. [N. Y.], 117; *Johnson v. Oregon Steam Navigation Co.,* 8 Ore., 35; *Gage v. Allison,* 1 Brevard [S. Car.], 387; *Jones v. Sinclair,* 2 N. H., 319; *Ames v. Palmer,* 42 Me., 197; *Wilson v. Wilson,* 37 Md., 1; *Wheeler v. Train,* 3 Pick. [Mass.], 257; *Fairbank v. Phelps,* 22 Id., 538; *Winship v. Neale,* 10 Gray [Mass.], 383; *Clark v. Draper,* 19 N. H., 419; *Forth v. Pursly,* 82 Ill., 152; *Caldwell v. Cowan,* 9 Yerg. [Tenn.], 262; *Byam v. Hampton,* 10 N. Y. Supp., 372; *Chandler v. West,* 37 Mo. App., 631; *Gill v. Weston,* 110 Pa. St., 305; *Murphy v. Hobbs,* 11 Pac. Rep. [Colo.], 55; *Gates v. Rifle Boom Co.,* 38 N. W. Rep. [Mich.], 245; *Holmes v. Bailey,* 16 Neb., 305; *Bertholf v. Quinlan,* 68 Ill., 297; *Barton v. Dunning,* 6 Blackf. [Ind.], 209; *Kennington v. Williams,* 30 Ala., 361; *Hickok v. Buck,* 22 Vt., 149; *Clark v. Draper,* 19 N. H., 419.) It was error to deny the defendants the right to open and close. (*Osborne v. Kline,* 18 Neb., 351.) It was error to require the jury by special findings to pass upon the law as well as the facts. (Thompson, Trials, sec. 1017; Coke Lit., 155, 156; *Hickey v. Ryan,* 15 Mo., 63; *Fugate v. Carter,* 6 Id., 267; *United States v. Carlton,* 1 Gall. [U. S. C. C.], 400; Wells, L. & F., sec. 2; *Coquillard v. Hovey,* 23 Neb., 627; *Begg v. Forbes,* 30 Eng. L. & Eq., 508; *Etting v.*

*U. S. Bank*, 11 Wheat. [U. S.], 74; *First Nat. Bank of Springfield v. Dana*, 79 N. Y., 108; *Edleman v. Yeakel*, 27 Pa. St., 26: *Runge v. Brown*, 23 Neb., 826; *Herron v. Cole*, 25 Id., 704.)

*Paris R. Hiatt* and *O. A. Williams, contra:*

The holder of commercial paper pledged as collateral security is not authorized to sell it in the absence of special power. He is bound to hold and collect such paper as it falls due and apply the money to the payment of the debt. (Dan., Neg. Ins., sec. 833; Boone, Mort., sec. 315; *Wheeler v. Newbould*, 16 N. Y., 398; *Union Trust Co. v. Bigdon*, 93 Ill., 458; *Fletcher v. Dickinson*, 7 Allen [Mass.], 23; *Whittaker v. Charleston Gas Co.*, 16 W. Va., 717; *Zimpleman v. Veeder*, 98 Ill., 613; *Joliet Iron Co. v. Scioto Fire Brick Co.*, 82 Id., 548; *Nelson v. Wellington*, 5 Duer [N. Y.], 29; *Alexandria, L. & H. R. Co. v. Burke*, 22 Gratt. [Va.], 262.) The right of property does not pass to the pledgee, but remains with the pledgor, subject to the lien of the former. (Boone, Mort., sec. 309; Williams, Per. Pr., p. 26*; *Franklin v. Neate*, 13 M. & W. [Eng.], 481*; *Farwell v. Importers & Traders Nat. Bank*, 90 N. Y., 488.) If the pledgee of a note held as collateral security cannot collect it, he must return it to the pledgor; and if he surrenders it to the maker without payment, or makes use of it in any transaction of his own, he will be chargeable with its full amount. (Boone, Mort., sec. 311; *Wood v. Matthews*, 73 Mo., 477; *Union Trust Co. v. Rigdon*, 93 Ill., 458.) The mere acceptance by a creditor of a negotiable note of a third person makes it but collateral security. Such acceptance does not operate as payment, unless it be shown that such, at the time, was the agreement of the parties. It will be deemed a conditional and not an absolute payment of the original debt. This is the rule where the note of a third person is given and accepted for a pre-existing debt. (Boone, Mort., sec. 314; *Wilhelm*

*v. Schmidt,* 84 Ill., 183; *Noel v. Murray,* 13 N. Y., 167; *Tobey v. Barber,* 5 Johns. [N. Y.], 68; *Kephart v. Butcher,* 17 Ia., 240; *Guion v. Doherty,* 43 Miss., 538; *Shipman v. Cook,* 16 N. J. Eq., 251; *Prettyman v. Barnard,* 37 Ill., 105; *Whitbeck v. Van Ness,* 11 Johns. [N. Y.], 409.) Gross inadequacy of price is always a strong circumstance in favor of the supposition that a sale of the property was not intended. (Boone, Mort., sec. 39; *Campbell v. Dearborn,* 109 Mass., 130; *Reed v. Reed,* 75 Me., 264; *Langton v. Horton,* 5 Beav. [Eng.], 9.) There was a pre-existing debt. The relation of debtor and creditor existed between the grantor and grantee. In such cases the court will treat the conveyance as security. (*Saxon v. Hitchcock,* 47 Barb. [N. Y.], 222; *Hoopes v. Bailey,* 28 Miss., 328; *Henley v. Hotaling,* 41 Cal., 22.) It is competent to show by parol evidence that negotiable paper transferred by endorsement and delivery was intended to be held simply as collateral security, and not absolutely. (Boone, Mort., sec. 310.) The question whether a note or bond is given and accepted in satisfaction of the original debt is for the jury; and it is error for the court to decide it as a matter of law. (1 Thompson, Trials, sec. 1254: *Johnson v. Weed,* 9 Johns. [N. Y.], 310; *Stone v. Miller,* 16 Pa. St., 450; *Sellers v. Jones,* 22 Id., 423.) In case of a conflict of evidence as to whether a note was received as a payment, or merely as collateral, the question is for the jury. (Boone, Mort., sec. 314; *Atlantic Fire & Marine Ins. Co. v. Boies,* 6 Duer [N. Y.], 583.) A sale of collateral security and an appropriation of the entire proceeds amounts to a conversion. (*Cortelyou v. Lansing,* 2 Caine's Cas. [N. Y.], 200; *Clark v. Gilbert,* 2 Bing. N. C. [Eng.], 565; 1 Smith Lead. Case, [7th ed.], 385; Williams, Per. Pr. [3d Am. ed.], 27 *; *Norton v. Kidder,* 54 Me., 189; *Farrand v. Hurlburt,* 7 Minn., 477; *Latimer v. Wheeler,* 30 Barb. [N. Y.], 485; *Robbins v. Packard,* 31 Vt., 570; *Graves v. Smith,* 14 Wis., 5; *Johnson v. Cumming,* 15 C. B., n. s. [Eng.], 330).

*M. F. Harrington*, also, for defendant in error.

MAXWELL, CH. J.

This action was brought by the defendant in error to recover for the conversion of a note, and on the trial of the cause the jury returned a verdict in her favor, upon which judgment was rendered. The first objection of the plaintiffs in error is that the petition fails to state a cause of action. The petition is as follows:

"1st. On or about the 2d day of September, 1885, Paris R. Hiatt executed and delivered to this plaintiff his promissory note, dated September 1, 1885, whereby he promised to pay the plaintiff on the 1st day of September, 1888, the sum of $3,800, with interest thereon at the rate of 10 per cent per annum, payable annually on the 1st day of September of each year. Said note was payable at the Bank of Neligh in the town of Neligh, Nebraska. Plaintiff cannot now give a more accurate description of said note for the reason that the same is not now in her possession, but is in the possession of one Hill, hereinafter named, through the wrongful acts of the defendants as hereinafter set forth.

" 2d. To secure the payment of said note said Paris R. Hiatt, on the 2d day of September, 1885, executed and delivered to this plaintiff a mortgage deed, and thereby conveyed to plaintiff the following described premises, situated in the county of Wheeler and state of Nebraska, to-wit: The southwest quarter and the north half of the southeast quarter and the southwest quarter of the southeast quarter of section 2, and the northwest quarter of the northeast quarter of section 11, all in township 24, range 10, west 6 P. M., which premises were on said day owned in fee-simple by Paris R. Hiatt aforesaid.

"3d. Said mortgage deed was duly recorded in the office of the county clerk of Wheeler county, Nebraska, on the 3d day of September, 1885.

"4th. The only incumbrance upon said premises prior, senior, and superior to plaintiff's said mortgage was a certain mortgage for the sum of $600, hereinafter referred to, and upon which there was only $570 due February 28, 1887.

"5th. That said $600 mortgage on said premises was given about May 16, 1884, by the plaintiff and the said Paris R. Hiatt to these defendants for the purpose of securing a certain note for $600, dated May 16, 1884, and given by this plaintiff to the defendants. A more exact description of said note plaintiff cannot give for the reason that the said note is in the possession of the defendants.

"6th. On the 28th day of February, 1887, plaintiff was indebted to defendants in said sum of $570, and the said Paris R. Hiatt was indebted to the defendants in the sum of $48, and the said Paris R. Hiatt and this plaintiff were jointly indebted to the defendants in the sum of $145.

"7th. On the 28th day of February, 1887, plaintiff, being the owner of and in possession of said $3,800 note and mortgage securing the same, indorsed the said $3,800 note in these words: 'Pay to the order of Cortelyou, Ege & Vanzandt. Sarah F. Hiatt.' And plaintiff also assigned said mortgage to the defendants, and after indorsing and signing over said note to the defendants, delivered said $3,800 note and the mortgage securing the same to the defendants as security for the payment of the said indebtedness owing by the said Paris R. Hiatt to the defendants, and also for the securing the said indebtedness owing by said Paris R. Hiatt and plaintiff jointly to the defendants, and to secure also the payment of the said $600 note and obtain a release of said $600 mortgage, thus making the said $3,800 mortgage a first lien upon said premises, and to secure the payment of the further sum of $300 borrowed by plaintiff from defendants on the 28th day of February, 1887, but plaintiff never received but $231.50 of said $300.

"8th. No part of said $3,800 note has ever been paid

by said Paris R. Hiatt, nor any portion of the interest thereon, except the sum of $600, and said $3,800 note so secured by said mortgage on the 28th day of February, 1887, at the time plaintiff delivered it to the defendants, was worth the sum of $3,766.83⅓, and that was its value; and on August 3, 1888, said $3,800 note secured by said mortgage was worth the sum of $4,305.74, and that was then its value.

"9th. On the 8th day of March, 1887, defendants caused the said assignment of said mortgage by plaintiff to them to be recorded in the office of the county clerk of Wheeler county, Nebraska.

"10th. On the 3d day of August, 1888, the defendants, being then in possession of said $3,800 note and mortgage so assigned and delivered to them as security as aforesaid, wrongfully and unlawfully sold, assigned, and delivered the said note and the mortgage securing the same to Edward Hill for the sum of $4,305.74, and wrongfully and unlawfully converted the entire proceeds of said sale to their own use, to the damage of the plaintiff in the sum of $4,305.74, no part of which damage has been paid, and all of which is now due from the defendants to plaintiff.

"11th. The defendants are an association of persons doing business in Ewing, Holt county, Nebraska, under the firm name and style of Cortelyou, Ege & Vanzandt, and not incorporated.

"Wherefore plaintiff prays judgment against the defendants for the sum of $4,305.74, with interest thereon from the time of filing this petition, and costs of suit."

The objection urged to this petition is that it fails to allege that at the time of the alleged conversion of the note she was the owner thereof or entitled to the possession of the same. An examination of the petition however, shows that the objection is not well taken, and it is overruled.

It is claimed that under the issues the defendants below were entitled to open and close. The answer is as follows:

"1. Defendants admit the allegations in the 1st, 2d, and 3d paragraphs of said petition to be true in all respects.

"2. As to the 4th paragraph of said petition, defendants deny the allegations therein contained, and allege that there were taxes due on said premises at that time and that the land had been sold for taxes.

"3. Defendants answering the 5th paragraph of plaintiff's petition admit the facts therein stated.

"4. Defendants answering to the 6th paragraph of plaintiff's petition admit the allegations therein set forth and allege that the indebtedness was more than set out in plaintiff's petition, to-wit, about the sum of $2,000.

"5. Defendants answering to the 7th paragraph of plaintiff's petition admit that on the 28th day of February, 1887, the plaintiff was the owner of and in possession of a note for $3,800 and a mortgage securing the same, and that on the said date the plaintiff indorsed said note to the defendants in the words and language used in the plaintiff's petition, and that also, at the same time, the plaintiff assigned the mortgage securing the said note in writing, and delivered the said note and mortgage to these defendants; and defendants deny that said note and mortgage were delivered as security for payment of any indebtedness by said plaintiff, or by said Paris R. Hiatt, husband of the plaintiff, in any manner; but, on the contrary, allege the fact to be that said $3,800 note and mortgage referred to were, on the 28th day of February, 1887, sold, assigned, indorsed, and delivered to these defendants absolutely, and at that time became the sole and absolute property of these defendants.

"6. Defendants answering to the 8th paragraph of plaintiff's petition admit that no part of said $3,800 note has ever been paid by Paris R. Hiatt, except the sum of $600, which said payment was made prior to the time said note was sold and delivered to these defendants, to-wit, on the 1st day of February, 1887 ; and the defendants further answering to

the 8th paragraph of plaintiff's petition deny each and every allegation therein contained.

"7. Defendants answering to the 9th paragraph of plaintiff's petition admit the facts therein stated to be true.

"8. Defendants. answering to the 10th paragraph of plaintiff's petition admit the facts to be that on the 3d day of August, 1888, the defendants sold, assigned, and delivered the said note and mortgage to one Edward Hill for a valuable consideration, but deny that they wrongfully and unlawfully assigned the same or converted the same to their own use, and deny each and every allegation in said paragraph contained except that in this paragraph admitted. Deny that they received the sum of $4,305.74 as the proceeds of sale of said note.

"9. Defendants answering to the 11th paragraph of plaintiff's petition admit the facts therein stated.

"Wherefore these defendants pray that they may have judgment against the plaintiff for the costs of this action and for such other relief as to the court may seem right."

The plaintiff below, in her reply, admits that certain taxes were due on said land but alleges that they were paid by Paris R. Hiatt; denies that the indebtedness set forth in the fourth paragraph of the answer was more than set forth in the plaintiff's petition, and denies each and every allegation contained in the fifth paragraph of the answer. It will thus be seen that the plaintiff below was required to prove certain facts to sustain her cause of action and therefore was entitled to open and close. The rule is this: "That where the plaintiff has anything to prove, in order to get a verdict, whether in an action *ex contractu* or *ex delicto,* and whether to establish his right of action or to fix the amount of his damages, the right to begin and reply belongs to him." This rule has been generally adopted in this country. The unvarying test furnished by this rule is to consider which party would, in the state of the pleadings and of the record admissions, get a verdict for substantial damages, if

the cause were submitted to the jury without any evidence being offered by either.  If the plaintiff would succeed, then there is nothing for him to prove at the outset, and the defendant begins and replies; if the defendant would succeed, then there is something for the plaintiff to prove at the outset, and the plaintiff begins and replies.

It is claimed that the court required the jury in the first and second of the special findings to pass upon the law as well as the facts.   The special findings are as follows:

"1.  Was the transaction between the parties of the 28th day of February, 1887, at the time the plaintiff Sarah F. Hiatt assigned and delivered the $3,800 note and mortgage to the defendants, intended by the said parties at the time as a *bona fide* and absolute sale of said note and mortgage to the defendants?

"Answer. No.            B. F. Colburn, *Foreman.*

"2.  Was the transaction between the parties of the 28th day of February, 1887, at the time of the assignment and delivery by the plaintiff to the defendants of the $3,800 note and mortgage intended by the parties at the time and were such note and mortgage in fact given to and received by the defendants as collateral security for all indebtedness from the plaintiff and her husband?

"Answer. Yes.           B. F. Colburn, *Foreman.*

"3.  What amount, if anything, was due and owing the defendants by the plaintiff and her husband on the 28th day of February, 1887, at the time of the assignment and delivery of the note and mortgage by the plaintiff to the defendants?

"Answer. $1,243.         B. F. Colburn, *Foreman.*

"4.  What amount, if anything, was due and owing by the plaintiff and her husband, Paris R. Hiatt, to the defendants on the 3d day of August, 1888, at the time of the sale and conversion of the $3,800 note and mortgage by the defendants?

"Answer. $1,367.71.      B. F. Colburn, *Foreman.*
    41

"5. What was the value of the $3,800 note and mortgage on the 3d day of August, 1888?

"Answer. $4,144.85.          B. F. COLBURN, *Foreman.*"

It is evident that the court merely required the jury to find the purpose of the transaction, viz., was it a mere security or was it a sale? This purpose was a question of fact which the jury was to find from the evidence. There was no error, therefore, in submitting those questions. In *Collingwood v. Merchants Bank*, 15 Neb., 118, where certain drafts had been purchased from a bank, it was held proper to show by parol evidence the purpose for which they were drawn. The fourth and fifth assignments are merely a repetition of the alleged errors in submitting the questions for the jury to find the purpose. Suppose a deed absolute in form is given as surety for a loan. In form it is a deed, and if a conveyance is made by the grantee thereunder to an innocent purchaser without notice, actual or implied, the title will pass, but as between the parties and persons having knowledge of the nature of the contract the deed is a mere security for the loan, and the wrongful conveyance of the land by the grantee or mortgagee would render him liable. This rule is recognized in *Wilson v. Richards*, 1 Neb., 342, and is applicable to any transaction which in fact is a security. It is claimed that the verdict is contrary to the evidence. It appears that at the time the note and mortgage were assigned to the plaintiffs in error they executed a defeasance as follows:

"This to certify that Cortelyou, Ege & Vanzandt agree to sell said note and mortgage hereinafter described to Sarah F. Hiatt on or after the 1st day of March, 1888, for the sum of $1,843.58 in case she wants to buy the same by that time, but not afterwards, and it is further agreed that in case said note is not purchased by Sarah F. Hiatt that there shall not be any general judgment against P. R. Hiatt and Sarah F. Hiatt above the sale of said land named in the mortgage, that it shall be in full satisfaction of said

note which is dated September 1, 1885, due September 1, 1888, for $3,800 by Paris R. Hiatt to Sarah F. Hiatt secured real estate mortgage on land in Wheeler county, Nebraska, of even date.

"CORTELYOU, EGE & VANZANDT.

" Ewing, February 28, 1887.

"And it is further agreed that on payment of above sum a release of the $600 mortgage on said land preceding this mortgage shall also be given.

"CORTELYOU, EGE & VANZANDT."

While it is true that this instrument in circumspect language is designated a contract to repurchase the note in question, it is very clear from the accompanying testimony that its purpose was to enable the assignor to redeem upon paying the amount of the loan with interest.    This fact is so clearly established that a finding against it would have been against the clear weight of evidence.    There is nothing, therefore, in the objections.    Objections are made to some of the instructions, but they seem to conform to the proof and it is unnecessary to review them at length.    There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.