E. A. FLETCHER v. CO-OPERATIVE PUBLISHING COMPANY.

FILED MAY 3, 1899. No. 8885.

1. **Action by Corporation:** CORPORATE EXISTENCE: PLEADING. In an action by a corporation, if its name imports a corporation, it is not essential to aver in terms its corporate existence or to plead the act of incorporation.

2. ——: ——: ——. A general denial does not place in issue the pleaded existence of a corporation.

3. **Account:** PLEADING. Section 129 of the Code of Civil Procedure, wherein it provides that an account may be pleaded by copy thereof, is permissive. The facts may be averred in any proper form.

4. **Action on Account:** JUDGMENT FOR PLAINTIFF. The judgment *held* warranted and sustained by the evidence.

ERROR from the district court of Franklin county. Tried below before BEALL, J. *Affirmed.*

*E. A. Fletcher* and *W. H. Ashby*, for plaintiff in error.

*H. Whitmore, contra.*

HARRISON, C. J.

The defendant in error instituted this action before a justice of the peace of Franklin county to recover an amount alleged to be its due on an account of certain designated law books and publications sold and delivered to plaintiff in error and was given judgment, from which an appeal was perfected to the district court, where the publishing company was again successful and was accorded a judgment, of which the adverse party seeks a reversal in an error proceeding to this court.

It is argued that the petition was insufficient in its statement or plea of the corporate existence of the publishing company. The action was commenced in the corporate name of the company, and it was also stated that it was a corporation organized and incorporated under and by virtue of the laws of a designated state and doing business in the state of Nebraska. This was a sufficient plea of the corporate capacity of the company. (*Exchange Nat. Bank v. Capps*, 32 Neb. 242; 5 Ency. Pl. & Pr. 70, 71.) The general denial did not put in issue the corporate existence of the company. There was no special denial, and no proof of the fact was necessary. (*Herron v. Cole*, 25 Neb. 692.) The pleading was of the sale and delivery of the books and publications, the statement being specific in relation to them. It gave the date of each, the book or publication, and the price. As a statement of the account it was not defective. The section of the Code to which counsel for plaintiff in error referred in argument, 129, that a plaintiff may set out in his petition a copy of the account on which suit is brought, is permissive merely. The facts may be stated in a different form. (*Collingwood v. Merchants Bank*, 15 Neb. 118.) An examination of the evidence, in the light of the rules of law applicable to the facts developed, discloses and leads to the conclusion that the amount for which judgment was rendered was, after the deductions made in favor of plaintiff in error, none too large and

that it was in all respects warranted and supported by the facts shown; hence it must be

AFFIRMED.