IluEiYN, Judge.
 

 It might well have been insisted by the plaintiffs, that the omission to arrest the
 
 Smiths
 
 on a
 
 ca. sa.
 
 had it happened, could not have been imputed to them as
 
 laches,
 
 which would have made that debt their own. For I know not of any rule, which requires either an agent, or an assignee of a bond, to put the obligor in prison
 
 ;
 
 unless such a course be stipulated.for. It is. sufficient, if diligent and reasonable efforts be made to-collect the money, and a failure happen by reason of the debtor’s insolvency. Here the bond was put in suit at the first court after it fell due, and. was prosecuted to judgment. The defendant’s counsel urges the pendency of it till November term, 1820, as evidence either of neglect or of collusion with the debtors. That is not sufficient evidence of neglect; for the delay might have* arisen from the state of the business in the court, or applications of-the defendants for continuances allowed by the court. For we know that about thatperiod our dockets weref crowded, and seldom gone through ; and thai debtors often use unjustifiable shifts- to put off trials. The defendants ought therefore to show the actual cause of the delay. Hut the fact, that at the next term after judgment the plaintiff imprisoned the
 
 Smiths,
 
 entirely rebuts all unfavorable inference from the delay, and repels the idea of collusion. The exception must be overruled, and a foreclosure decreed on the footing of the report of the clerk, with, costs to the plaintiffs. The course in this State has not been strictly a foreclosure; but a sale of the mortgaged premises, as most advantageous to both parties.
 

 The defendant
 
 Little
 
 alleges a purchase by him from .
 
 Jfason;
 
 and if he had produced his con veyance, or otherwise proved it, a sale (if the residue only would be or - dered in the first instance. As it is, that allegation must be disregarded, and the whole sold as mortgaged.
 

 Per Curum'. — -Decree weou-nrMr, w.