Stearns *v*. Dubois.

---

## STEARNS *v*. DUBOIS.

EVIDENCE.—*Conveyance.—Consideration.*—In an a suit to recover for the price of land sold and conveyed by the plaintiff, to the defendant, the consideration expressed in the deed of conveyance may be contradicted by parol evidence.

SAME.—*Quantum Valebat.*—Where, in action to recover for the price of property sold by the plaintiff to the defendant, the complaint contains one paragraph based on a special contract, and another on the *quantum valebat*, under the latter the plaintiff may introduce evidence in chief of the value of such property.

SAME.—*Admissions.—Practice.*—Where, in such cause, under an alleged special contract as to such price, differing from that set up by the plaintiff, the defendant has testified in support thereof, and in contradiction

of the testimony of the plaintiff, the latter, at the conclusion of the evidence for the defendant, may then introduce evidence of declarations by the defendant as to such contract, differing from his own testimony, and agreeing with that of the plaintiff.

PLEADING.—*Same Cause of Action in Different Forms.*—The same cause of action may be stated in several different forms, in as many different paragraphs of a pleading, in order to meet every probable phase of the evidence to be given thereunder.

From the Franklin Circuit Court.

*W. Morrow, N. Trusler* and *J. A. Henry*, for appellant.

*J. C. McIntosh*, for appellee.

PERKINS, J.—Suit by appellant, against appellee, for the price and value of land sold and conveyed. The complaint contained three paragraphs, two on special contracts, and one on the *quantum valebat.* The appellant answered in four paragraphs, each to the whole complaint; the first being the general denial; the second averring that the three paragraphs of the complaint were all based upon one transaction, and that the land mentioned was sold by the acre, at sixty dollars per acre, be the quantity more or less, which was to be ascertained by a survey, etc.; the third, payment; and the fourth, set-off.

Reply in denial.

Trial by jury, verdict for appellee, new trial denied and judgment on the verdict.

On the trial, the appellant gave in evidence the deed executed by himself to appellee, which recited the consideration to be forty-five hundred dollars, and described a tract of land, by metes and bounds, and as containing sixty acres, more or less.

He then testified, as a witness, that he had sold the land to appellee for forty-five hundred dollars, detailing the terms of payment, stating how much had been paid, and how the payment was made.

Before the appellant closed his evidence in chief, he offered witnesses to prove the value of the land sold, but the appellee objected, and the court sustained the objec-

tion, and refused permission to make such proof, and appellant excepted.

The appellee, defendant, then gave his evidence to the jury. It tended to prove that the price at which the land was sold and purchased was sixty dollars an acre. The appellee was one of his own witnesses. On cross-examination he stated that appellant told him he must say, when asked what price he paid per acre, that it was seventy-five dollars; "I told him I would not tell what was not true. He then said, if Fry knew I [defendant] was getting my part of the farm for less than seventy-five dollars per acre, it would blow up the trade; that I was trading the land I got of him for forty acres of the Davis land, and it would cost me seventy-five dollars an acre, and that I could say to Fry, that, in the long run, it would cost me all of seventy-five dollars per acre, and a little more. I may have said something to Fry about seventy-five dollars per acre, but I was only to pay sixty dollars per acre for the fifty acres, and one hundred and fifty dollars off, and sixty dollars for the strip ; and the amount of the purchase-money was to be ascertained by accurate measurement of the land, the number of acres was to be multiplied by sixty dollars per acre, and I to have one hundred and fifty dollars off for the trade."

After the appellee had closed his evidence, the appellant offered to prove, by competent witnesses, then in court and named to the court and sworn for the purpose, that, in a conversation with appellee, at the time the trade for the land in question was being closed, appellee stated to said witnesses that he was to pay appellant seventy-five dollars an acre for the land, and that, in another conversation, after the sale was accomplished, he stated to them that seventy-five dollars an acre was the price he did pay; but, on objection by the appellee, the court refused to permit said witnesses to testify to said conversations, to which refusal the appellant excepted.

The court refused the following instruction :

" The plaintiff asks the court to instruct the jury, that, under the issues in this cause, the deed offered in evidence by the plaintiff is the evidence by which they are to be governed in ascertaining the land sold and the amount for which it was sold." Which instruction the court refused to give, and the appellant excepted.

Appellant also excepted to the testimony of the appellee, showing a consideration differing in amount from that stated in the deed.

The overruling of the motion for a new trial is assigned for error, and this assignment brings before us all the grounds for a new trial, mentioned in the motion therefor. Two of them, which are insisted upon, are,

1st. Admitting evidence touching the actual consideration of the deed; and,

2d. Refusing the instruction asked upon that point, which is copied above.

The court did not err in admitting evidence in respect to the consideration for the deed, nor in refusing the instruction asked.

" Parol evidence may be introduced to show that the consideration has not been paid, or that it is more or less than the amount specified, notwithstanding the recital of the amount and the acknowledgment of its receipt in the deed; not for the purpose of defeating the conveyance, but to fix the amount of the consideration. 3 Washb. Real Prop. 327; *Grout* v. *Townsend,* 2 Hill, N. Y., 554. Parol evidence may be given to show the real consideration of a deed, and that the purchaser took the conveyance subject to incumbrances and agreed to discharge them in addition to the consideration stated in the deed. *Allen* v. *Lee,* 1 Ind. 58; *Rockhill* v. *Spraggs,* 9 Ind. 30; *Pitman* v. *Conner,* 27 Ind. 337; *Robinius* v. *Lister,* 30 Ind. 142." *McDill* v. *Gunn,* 43 Ind. 315.

Two other grounds, alleged in the motion for a new trial, were, the refusal of the court to admit proof of the value of the land under the *quantum valebat* paragraph,

and the refusal to admit proof of the admissions or declarations of the appellee as to the amount per acre he was to pay for the land. It will be observed that seventy-five dollars per acre would give an aggregate price of forty-five hundred dollars for the sixty acres, the amount named in the deed as the consideration. It would seem that the testimony offered under the *quantum valebat* paragraph should have been admitted. The fact that the parties each denied the special contract asserted by the other, certainly rendered it uncertain whether any could be proved, and it was to meet just such cases that this safety-valve, as Mr. Chitty calls it, of several counts in a declaration, paragraphs—according to the code nomenclature,—of a complaint, was devised. 1 Chit. Pl., 16 Am. Ed., p. 424.

Gould, in his Treatise on Pleading, thus states the reason for several counts in a declaration, corresponding to several paragraphs in a complaint, p. 159, sec. 4:

" One object proposed, in inserting two or more counts in one declaration, when there is in fact but one cause of action, is, in some cases, to guard against the danger of an insufficient statement of the cause, where a doubt exists as to the legal sufficiency of one or another of two or more different modes of declaring. But the more usual end proposed, in inserting more than one count, in such a case, is to accommodate the statement of the cause, as far as may be, to the possible state of the proof to be exhibited on the trial: or to guard, if possible, against the hazard of the proof's varying materially from the statement of the cause of action : so that if one or more of the several counts should not be adapted to the evidence, some other of them may be so."

We think the court erred in refusing to admit evidence of the value of the land.

We also think the court erred in refusing to admit evidence of the admissions of the appellee, as to what he was to pay for the land. He had answered specially that the

price he was to pay for it was sixty dollars an acre. The appellant had replied in denial. Thus was formed one of the issues to be tried. The appellee had given evidence tending to establish the truth of his averment. His admissions to the contrary tended, in the language of some of the books, to "cut down" his evidence, not as impeaching the witness, but as the admissions of a party, —generally evidence against himself.

The judgment is reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.