[No. 8,219.—Department One.]
July 28, 1882.

## GEORGE WILSON ET AL. v. B. W. SMITH ET AL.

SEPARATE COUNTS IN COMPLAINT—PLEADING.—In an action for work and labor the complaint contained two counts, one upon an agreement to pay an agreed price and the other upon the *quantum meruit*; and—the plaintiffs' counsel having stated that the work mentioned in both counts was the same—the defendants moved the Court to require the plaintiffs to elect on which count they would proceed to trial; and the Court denied the motion. *Held:* There was no error.

ID.—ID.—Under our Code which provides that the complaint must contain "a statement of the facts constituting a cause of action in ordinary and concise language" the plaintiff may set them out in two separate forms when there is a fair and reasonable doubt of his ability to safely plead them in one mode only.

APPEAL from a judgment for the plaintiffs, and from an order denying a new trial in the Superior Court of the County of San Bernardino. ROLFE, J.

*Waters & Gibson,* for Appellants.

The Court erred in denying defendants' motion to compel plaintiffs to elect upon which count or cause of action stated in their complaint they would proceed to trial. (Bliss on Code Pl. § 119, p. 158; *Stockbridge Iron Co.* v. *Mellen,* 5 How. Pr. 439; *Churchill* v. *Churchill,* 9 id. 552; *Lackey* v. *Vanderbilt,* 10 id. 155; *Dunning* v. *Thomas,* 11 id. 281; *Dickens* v. *N. Y. Central R. Co.* 13 id. 228; *Mead* v. *Mali,* 15 id. 347; *Whittier* v. *Bates,* 2 Abb. Pr. 477; *Nash* v. *McCauley,* 9 id. 159; *Fern* v. *Vanderbilt,* 13 id. 72; *Sturges* v. *Burton,* 8 O. St. 215; *Ferguson* v. *Gilbert,* 16 id. 88; *Murphy* v. *Estes,* 6 Bush, 532.)

The defendants are entitled to a distinct statement of the facts constituting the cause of action in ordinary and concise language, and which statement of facts must not be stated alternatively. (C. C. P. § 426, Subd. 2; *Jamison* v. *King,* 50 Cal. 136.)

The verdict is contrary to the evidence and against law, not alone on the ground of failure of proof, but because, so far as the record shows, it is impossible to ascertain whether it is based on one or both of the counts of the complaint. (*Gregory* v. *Haworth,* 25 Cal. 656.)

*H. M.· Willis* and *Paris & Goodcell,* for Respondents.

Plaintiff could state his cause of action in different counts, and recover on either that the facts established on the trial sustained. (*Freeborn* v. *Glazer,* 10 Cal. 337; *DeWitt* v. *Porter,* 13 id. 171; *Buckingham* v. *Waters,* 14 id. 146; *Wallace* v. *B. R. W. Co.* 18 id. 464; *Sharp* v. *Miller,* 54 id. 329; Bliss on Code Pl. § 120; *Lucas* v. *City of S. F.,* 28 Cal. 591; *Mead* v. *Mali & Jewett,* 15 How. Pr. 349; *Jones* v. *Palmer,* 1 Abb. Pr. 442; *De la Guerra* v. *Newhall,* 55 Cal. 23; *Cummings* v. *Dudley,* 8 P. C. L. J. 819.)

A general verdict upon a complaint containing several counts will not be set aside if there is one good count. (*Lucas* v. *City S.·F.,* 28 Cal. 591; *N. C. & S. C. Co.* v. *Kidd,* 37 id. ·282; *Griffiths* v. *Henderson,* 49 id. 566.)

The COURT:

In each of the two counts contained in the complaint the plaintiffs allege that at a certain time and place they performed services for the defendants at their request, in threshing certain wheat and barley. The first count contains the further declaration that for the services so performed, the defendants promised to pay plaintiffs at the rate of six cents for each and every bushel of wheat threshed, and five cents for each and every bushel of barley threshed, and the further sum of five dollars in addition to said rates, amounting in all to the sum of three hundred and seventy-three dollars and sixty-six cents; while in the second count it is averred that for the plaintiffs' services in the particulars stated, defendants promised to pay what they were reasonably worth, and that the services were reasonably worth three hundred and seventy-three dollars and sixty-six cents.

The bill of exceptions recites that on the coming on of the case for trial "the plaintiffs, by their counsel, opened the case to the jury, and stated that the threshing of wheat and barley mentioned in both counts of the complaint were the same, and that they expected to recover only on one of the counts. That if the jury were of the opinion that there was a contract as stated in the first count of the complaint, they expected to recover on that count, but that if

were of the opinion from the evidence that there was no contract as stated in the first count of the complaint, then they expected to recover what such threshing was reasonably worth, on the second count of the complaint. After which, and before the introduction of any testimony, the defendants duly moved the Court to require the plaintiffs to elect on which count they would proceed to trial. The Court denied the motion, and the defendants excepted to the ruling of the Court"—out of which ruling grows all of the alleged errors relied on for a reversal.

We can not say the ruling was erroneous. · Under our Code, which provides that the complaint must contain "a statement of the facts constituting the cause of action, in ordinary and concise language," the plaintiff may set them out in two separate forms when there is a fair and reasonable doubt of his ability to safely plead them in one mode only.

Judgment and order affirmed.