86 495
102 481

86 495
47a 193
86 495
164 284

## THE ST. LOUIS GAS LIGHT COMPANY v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Code Pleading**: DIFFERENT CAUSES OF ACTION, JOINDER OF. Under the code, each cause of action must be separately stated with the relief sought, yet the same cause of action may be stated in different ways in different counts.

2. ———. Where allegations are once clearly made which are common to all the counts, it is sufficient as to such allegations to make reference to them in the subsequent counts.

3. **Contract**: STATUTE. The Laclede Gas Light Company had the power, under its charter, to contract with the city of St. Louis to light the city within certain defined limits, to make and vend gas and gas light, and to lay down pipes therein, and to exercise all other powers necessary to execute and carry out the privileges and powers so granted, and t hese powers were not withdrawn from the company by the act of March 26, 1868 (Acts, p. —), but were, by said act, extended over the corporate limits of the city.

4. **Evidence.** In an action by the gas company to recover from the city the contract price for gas supplied to the public lamps, and for services rendered in lighting lamps, the record kept by the city engineer, and the register kept by the gas inspector, are competent evidence.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

(1) The objection to the second and the remaining

counts in the petition was well taken. Not one of said counts states a cause of action against the city of St. Louis in favor of the St. Louis Gas Light Company. Take the second count as an illustration. Its subject matter is the service rendered by the plaintiff to the defendant in repairing, lighting, cleaning, and extinguishing certain public lamps in December, 1875. The public lamps in question, the district occupied by them, the contract between plaintiff and defendant governing said repairing, etc., are not, nor are any of them, specified in said count, and yet they constitute the *gravamen* of the charge. The rule at common law and under our system of pleading, is that each count in the petition must state a good cause of action within itself, and defective allegations in one count cannot be aided by reference to another count. Bliss on Code Pleading, sec. 121 ; *Leabe v. Deitrick*, 18 Ind. 414 ; *Day v. Vallett*, 25 Ind. 42 ; *Mason v. Weston*, 29 Ind. 561 ; *Clark v. Featherston*, 32 Ind. 142 ; *Silvers v. Junction Ry. Co.*, 43 Ind. 435, 445 ; *Durkee v. City Bank*, 13 Wis. 216, 222 ; *Curtis v. Moore*, 15 Wis. 134 ; *Catlin v. Pedrick*, 17 Wis. 88 ; *Sabin v. Austin*, 19 Wis. 421 ; *Nelson v. Swan*, 13 Johns. 483 ; *Sinclair v. Fitch*, 3 E. D. Smith, 677. (2) The court erred in refusing to instruct the jury that there could be no recovery in this case. (3) The court erred in permitting the bills sued on to be read in evidence to the jury. (4) The court erred in admitting the record kept in the street department of the location and number of street lamps. (5) The court erred in submitting the proof furnished by the witnesses Chauvenet and Caldwell, as to amounts due for the months of February, March, and April, 1876.

*Glover & Shepley* and *Noble & Orrick* for respondent.

(1) The separate statements are complete in themselves, averring facts, and a promise based on the facts. Either one is sufficient in itself to sustain the verdict ren-

dered on it. Each one, moreover, refers expressly to the complete contract set forth in the introduction to the whole petition. (*a*) The rule laid down in *Clark v. Whittaker Iron Co.*, 9 Mo. App. 446, is obeyed in all particulars. *Boeckler v. Mo. Pac. Ry. Co.*, 10 Mo. App. 448. Under such objection, which was made at the trial for the first time, "if a cause of action can fairly be gleaned from the petition, it ought to be held sufficient." *Clark v. Whittaker Iron Co.*, 9 Mo. App. 446. (2) The tripartite agreement of 1873 is valid; it has been so adjudged between the parties. *St. Louis v. St. L. Gas Light Co.*, 70 Mo. 69. (3) The record of city lamps kept in the city engineer's office, was a regular public record, and was competent and relevant. Greenleaf on Evidence (13 Ed.) secs. 483, 484, 485. (4) The register of the city gas inspector was official, and competent evidence against the defendant. (*a*) City ordinance, number 8434, approved July 11, 1873. (*b*) Chauvenet's testimony that he contiued examination of plaintiff's gas bills up to the last, and kept the record even after disputes arose, by direction of the mayor. (*c*) Greenleaf on Ev. (13 Ed.) sec. 496; *Denning v. Roome*, 6 Wend. 651; *Gearhart v. Dixon*, 1 Pa. St. 224; *Adams v. Mack*, 3 N. H. 493; *Mayor v. Wright*, 2 Port. 230; Angell & Ames on Corp. (8 Ed.) sec. 679; *Engl. Manf. Co. v. Van Dyck*, 1 Stock. 498; *Hedrick v. Hughes*, 15 Wallace, 123. (5) The defendant did not attempt to show the gas was not burned or the lamps cleaned and repaired, as charged, and the case having been fairly tried on the pleadings and evidence, judgment should be affirmed, as the verdict was for the right party. Thompson Charging the Jury, sec. 118; R. S. 1879, sec. 3775.

BLACK, J.—This suit is based upon a contract made by the plaintiff, the Laclede Gas Light Company, and the defendant, dated February 28, 1873. The plaintiff

seeks to recover for gas supplied to the public lamps in that district of the city which, under the terms of the contract, it agreed to light at thirty dollars per annum for each lamp, and for repairing, cleaning, lighting, and extinguishing the lights, at the rate of seven dollars per annum for each lamp. Payments were to be made monthly, and this suit is for gas furnished, and for such services, for the months of December, 1875, to and including May, 1876.

1. The petition consists of various counts, two for each month—one for the price of the gas, and one for the other services. The first count sets out the incorporation of the three parties to the contract, the ordinance directing the contract to be made, the contract and the terms thereof. These matters are not stated in the second and subsequent counts, but in them reference is made to the first by the use of such terms as "in the district aforesaid," "under said contract," and "agreed as aforesaid."

The answer was a general denial. The sufficiency of the second and subsequent counts was questioned by way of an objection to the introduction of any evidence, on the ground that these counts did not state a cause of action. By following out the references thus made by the second and following counts to the first, each stated a good cause of action. This being so, the objection made, as it was for the first time, on trial, was properly overruled, even if well taken, had it been made in proper time. Aside from this, the point was not well taken. Formerly subsequent counts might be made certain by reference to a preceding one; nor was this rule always strictly confined to matters of inducement. 1 Chitty's Plead. 355; *Crookshank v. Gray*, 20 John. 347; *Freeland v. McCullough*, 1 Den. 414; *Griswold et al. v. Ins. Co.*, 3 Cow. 96; *Loomis v. Swick*, 3 Wend. 205. The count to which reference is made should be a good one. *Nelson v. Swan*, 13 John. 484. This last rule, it is said,

has no application to mere matters of inducement. *Curtis v. Moore*, 15 Wis. 134. We have held where the petition in the first count sets forth in the introduction the incorporation and corporate powers of the plaintiff and defendant it was not necessary to re-state such matters. *Aull Savings Bank v. City of Lexington*, 74 Mo. 104. Under the code each cause of action must be separately stated with the relief sought, so as to be intelligently distinguished. Yet the same cause of action may be stated in different ways in different counts. *Brinkman v. Hunter*, 73 Mo. 172. So, too, the petition must be a plain and concise statement of the facts constituting the cause of action without unnecessary repetitions. The code was not designed to require or encourage useless prolixity. Where, therefore, as in this case, allegations are once clearly made which are common to all the counts, it is sufficient to make reference thereto in subsequent counts. *Beckwith v. Mollahan*, 2 West Va. 481.

2. Further defence is that the contract sued upon must bind all of the parties or none, and that the Laclede Gas Company had no power to make the contract in question, and hence it is void as between the city and plaintiff. It is assumed, not decided, that the first branch of the proposition is correct, but the second is not true in point of fact or law. The sixth section of the act of March 2, 1857, incorporating the Laclede Gas Company, gave to it and the city power to make any contracts they deemed best, with regard to lighting a portion of the city, and to the city the right to purchase the property of the company at the expiration of twenty years. This section, it is true, was repealed by the act of March 26, 1868, and hence the conclusion contended for is drawn. But, by the fifth section of the act of 1857, that company had power within a defined district to light the same, to make and vend gas and gas light, and to lay down pipes therein, and all "other powers necessary to execute and carry out the privileges and powers" thereby

granted. All of these rights, privileges and franchises are, by the same act of March 26, 1868, extended over the corporate limits of the city. This legislation shows no intention to take away from the Laclede Gas Company its powers to contract with the city, but, on the contrary, its powers in this respect are extended over the entire city limits. The power to make and vend gas, lay down pipes, and light the city, would carry the power to make all necessary contracts with respect thereto, but express power is given to do all those things necessary to execute and carry out the privileges granted, and this must be held to include the power to make all needful contracts with the city. The validity of this contract was affirmed in a suit between these parties (70 Mo. 69), and the conclusion here stated is but a corollary of what was then said. It is true, the precise point now urged was not then ruled, but it was only because the exigencies of that case did not require it.

3. By the ordinance read in evidence it was made the duty of the engineer, by whom the lamps were erected, to report to the gas inspector the location of the lamps as soon as they were reported ready for lighting by the gas companies, and of the gas inspector to examine and certify as to the correctness of the bills of the gas companies against the city. Both were important public offices of the municipality, and both kept records of these matters. The records of lamps kept in the city engineer's office, and the register kept by the gas inspector, were competent evidence. Greenleaf on Evidence (13 Ed.) secs. 483, 484, 496. Defendant did not attempt to show that the services sued for were not rendered, nor that the bills were incorrect or had been paid. The judgment is clearly right, and it is affirmed. Sherwood, J., did not sit in the consideration of this cause. The other judges concur.