## NORBECK & NICHOLSON CO. v. PEASE.

Where,in an action for drilling a well, plaintiff in one count sought a recovery on the ground of his performance of a written contract which he alleged was subsequently modified by parol, and in another count a recovery on a quantum meruit, the court erred in requiring him to elect on which count he would proceed.

Haney, J., dissenting in part.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Brule County.    Hon. FRANK B. SMITH, Judge.

Action by the Norbeck & Nicholson Company against Charles H. Pease.    From a judgment for defendant, plaintiff appeals.    Reversed.

*Sterling & Clark* and *French & Orvis,* ·for appellant.

"The plaintiff may unite in the same complaint, several causes of action whether they be such as have been heretofore denominated legal or equitable or both, where they all arise out of; first, · the same transaction or transactions connected with the same subject of action ; second, contract express or implied. * * * * The causes of action so united must all belong to one of these classes, * * * * and must be separately stated." Sec. 144, Civil Procedure. This case falls within the provisions of the statute above quoted. The two causes of action are separately stated. They both relate to the same transaction. They both arise out of contract. The whole spirit of this law would be defeated if plaintiff is compelled to elect to stand upon one cause of action only. Tripp v. Yankton, 10 S. D. 516; Bush v. Froelick, 8 S. D. 353, 15 Cyc. 257. But other states have held likewise, under similar statutes. Waterman v. Waterman, 50 N. W. 668 ;· Childs v. Harris Mfg. Co., 32 N. W. 43 ; Leonard v. Roberts, 36 Pac. 880 ; Snyder v. Snyder, 25 Ind. 399 ; Woodman v. Davis, 4 Pac. 262 ; Whitney v. Ry. Co., 27 Wis. 340 ; Magnus .v. St. Louis Tea Co., 78 S. W. 838.

*James Brown* for respondent.

Sec. 144 of the Code of Civil Procedure, relates entirely to the uniting in the same complaint of several causes of action. It has nothing whatever to do with the question of whether or not a single cause of action can be properly set forth in several different counts in a complaint.    Code Civ. Proc. Sec. 119 says the

complaint shall contain "A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. The statute requires that the facts shall be stated without unnecessary repetition. With a few exeeptions, this requirement is held to forbid a duplicate statement, in different forms, of the same cause and if such statements are made, the plaintiff will be required to elect upon which to go to trial, or the court will strike out all but the first statement. Bliss Code, Pleading Sec. 119; Pomeroy's Rem. & Rem. Rights, Sec. 576; Muzzy v. Ledlie, 23 Wis. 445; Bishop v. C. & N. W. Ry. Co., 31 N. W. 219; Davis v. Tubbs, 7 S. D. 488; Plummer v. Mold, 22 Minn. 16; Manders v. Craft, 32 Pac. 836; McLennan v. McDermid, 15 N. W. 518.

FULLER, P. J.   To recover $645.74 for drilling, casing, and completing an artesian well, appellant pleaded the performance of a written contract executed by the parties to the action on the 23d day of October, 1903, but subsequently modified by parol, and the complaint also contains a count in assumpsit on a quantum meruit for the same labor performed and material furnished in constructing the well, and, as reasonable compensation therefor, judgment for the amount claimed under the contract is demanded.

A single cause of action being thus duplicated, counsel were required to determine before the commencement of the trial whether they would rely upon an alleged breach of the written contract or upon the implied obligation to pay a reasonable amount as compensation, and they elected to proceed under the contract, but preserved an exception to the ruling of the court. Plaintiff in the action of Davis v. Tubbs, 7 S. D. 488, 64 N. W. 534, sought to recover on a written contract and also for the tortious acts of the defendant by which he sustained damages in not being able to complete the contract. In reversing a judgment in his favor, we said: "He must elect upon which theory he will proceed, as the evidence required to sustain his action in the one form wlil be entirely different from that required to sustain the action in the other form." At common law, where there was an express contract for a stipulated amount and a method of compensation for services performed and material furnished, it was not permissible to abandon the con-

tract and declare on an implied assumpsit, but our statute has abolished all forms of pleading, and it is expressly provided that "the complaint shall contain: * * * A plain and concise statement of the facts constituting the cause of action without unnecessary repetition." Section 119, Rev. Civ. Proc. While this statute and the decision above cited are consistent with the general rule of pleading common to the Code system which requires the complaint to be drawn so that the trial may proceed to judgment upon a definite theory, there are many well-considered cases to the effect that reasonable doubt as to the legal nature of the defendant's liability to plaintiff justifies the pleader in setting forth a single cause of action under different forms.

It is nowhere claimed that the well was completed according to the strict terms of the written contract, which required the use of three-inch pipe for the first 300 feet, and nothing less than two-inch pipe below that depth, but it is alleged in the complaint and shown by the testimony offered on behalf of appellant that the parties orally agreed before anything was done under the contract that, if hard rock was struck, one inch and a quarter pipe was to be used thereafter, and it was established that such rock was encountered at a depth of 890 feet, and it became absolutely necessary to use about 80 feet of such pipe in the bottom of the well. While there is some difference of opinion as to the volume of the flow, it must be conceded that without paying anything whatever, respondent obtained a valuable well, which furnished from 45 to 90 gallons of water per minute. That the pleader had reasonable ground to doubt the legality of the parol modification of the written contract is suggested by his effort to pursue a double remedy under the same state of facts for the enforcement of appellant's right to recover in the action. Moreover, the fact that a verdict was directed in favor of respondent upon testimony sufficient to justify the jury in finding that the modified contract was fully performed on appellant's part by the completion of a well in the manner shown by the undisputed evidence proves the necessity of setting forth the cause of action in two different forms. Concerning statutes prohibiting unnecessary repetition, and requiring a brief and concise statement of the facts as they actually took place, an eminent

author has said, in substances that the rule is not inflexible, but one of convenience merely, which must yield to the demands of justice and equity. Pom. Rem. 576. Whenever there is a wrong to be righted in a court of justice, and the complainant is unable to determine in advance whether the testimony that the court may admit at the trial will establish the defendant's liability for the breach of an express contract, or whether the violation of an implied agreement to pay the amount demanded as reasonable compensation will be the basis of the obligation, it would defeat the chief purpose of the reformed system to compel an election between statements or counts that are likely to be established and justify the relief demanded. Therefore, when the exact nature of plaintiff's legal right or the defendant's liability under a certain state of facts is doubtful, it appears to be common practice to state a cause of action in more than one form, and, unless the different allegations are so inconsistent that proof of one will disprove the other, the pleader ought not to be required to elect in advance of the trial. Thus in an action for labor performed and material furnished plaintiff may sometimes plead his claim under an express contract to pay a stipulated amount and in another paragraph or count state the same facts in quantum meruit form, and allege the reasonable value of such labor and material. Wilson v. Smith, 61 Cal. 209; St. Louis Gas Light Co. v. City of St. Louis, 86 Mo. 495; Blank v. Hartshorn, 37 Hun. 101; Burton v. Rosemary Mfg. Co., 132 N. C. 17, 43 S. E. 480; Maguire v. St. Louis Transit Co., 103 Mo. App. 459, 78 S. W. 838; Spotswood v. Morris, 10 Idaho, 129, 77 Pac. 216; Leonard v. Roberts, 20 Colo. 88, 36 Pac. 880; Stearns v. Dubois, 55 Ind. 257; Whitney v. Railway Co., 27 Wis. 327; Collingwood v. Merchants' Bank, 15 Neb. 118, 17 N. W. 359; Plummer v. Mold, 22 Minn. 15; Hosley v. Black, 28 N. Y. 438; 4 Current Law, 998; 5 Encyc. Pl. & Pr. 321.

This action being upon a written contract, which appellant claims was slightly modified by parol and faithfully carried out without any compensation from respondent, who was substantially benefitted by the transaction, it was impossible to anticipate the judicial view as to the exact nature of the obligation or the state of the record at the conclusion of the trial, and it cannot be said that

the repetition of facts was wholly unnecessary.  Although the practice of relying upon a special contract and also upon a quantum meruit predicated upon substantially the same state of facts should be sanctioned only in the interest of justice, the circumstances of this case were such as to justify the pleader in stating the facts constituting performance of the contract according to his theory, and, in order to obtain such relief as the proof might warrant should he not be permitted to show the oral modification, it was entirely proper to allege the contract price as the reasonable value of the services rendered and material furnished at the special instance and request of respondent who was wholly in default of payment.

As the conclusion that appellant should not have been required to elect is decisive of the appeal, the judgment entered against him upon a directed verdict is reversed, and a new trial ordered.

CORSON, J. (concurring specially.)  While concurring with the views of the presiding judge that the court erred in requiring the plaintiff to elect upon which cause of action he would proceed to the trial, I am of the opinion that the judgment should also be reversed upon the ground that the court erred in directing a verdict in favor of the defendant. · In my judgment there was evidence on the part of the plaintiff tending to prove that the plaintiff had substantially complied with the terms of the contract.  The contract provides that it should "drill said well to the necessary depth to obtain sufficient flow of water to fill a two-inch pipe in a horizontal position."  It was further provided that "said well is to be piped with three-inch standard Black pipe to a depth of 300 feet or deeper, if deemed necessary by the party of the first part and to be piped with two-inch standard Black pipe from thereon onto water-bearing sand rock, said two-inch pipe to be perforated where it passes through the water bearing artesian sand rock. Said two-inch pipe to extend up into the three-inch pipe not less than fifteen feet." It is disclosed by the evidence on the part of the plaintiff that the terms of this contract were complied with down to the depth of about 890 feet, when hard rock was encountered, and that the 3-inch pipe and 2-inch pipe were used down to the hard rock as specified in the contract; that the hole drilled

in the hard rock was rimmed out to 2 inches in diameter, and through and below the hard rock 1 1-4-inch perforated pipe to the extent of about 80 feet was used instead of the 2-inch pipe specified in the contract, and plaintiff's evidence tended to prove the use of the 1 1-4-inch perforated pipe through and below the hard rock was for all practical purposes as beneficial as the use of 2-inch perforated pipe would have been below that point, and it was clearly proved by the evidence that the flow of water obtained was from two to three times the amount required by the terms of the contract. It is true there was some conflict in the evidence, but it was proper for the jury to determine upon all of the evidence whether or not the plaintiff had substantially complied with the terms of his contract, and what damages, if any, had been sustained by him by reason of the failure of the plaintiff to literally comply with the terms of the contract.

This was the view taken by this court of a building contract in the case of Aldrich et al. v. Wilmarth, 3 S. D. 523, 54 N. W. 811, in which the plaintiff's failure to literally comply with the terms of his contract was fully considered and discussed. Again, there was evidence on the part of the plaintiff tending to prove that the substitution of the 11-4-inch pipe for the 2-inch pipe through and below the hard rock was with the knowledge and consent of the defendant. It is true there was some conflict in the evidence upon this subject; but, if the jury believed from the evidence that the substitution of the 1 1-4-inch pipe for the 2-inch pipe, through and below the hard rock, was with the knowledge and consent of the defendant, he is estopped from now claiming that the plaintiff failed to strictly comply with the terms of his contract in that regard. Mr. Sutherland in his work on Damages (volume 3, § 710, 3d Ed.), in discussing this subject, says: "On the other hand, the want of objection and apparent acquiescence where there is knowledge of the actual character of the work would be a fraud on the contractor if he were thus encouraged to proceed, and still be at the hazard of losing all compensation except on terms of showing a punctilious performance of the contract." The case therefore, should have been submitted to the jury upon the evidence disclosed by the record.

HANEY, J. (concurring). The same cause of action having been stated in different counts, a method of pleading, in my opinion, neither necessary nor proper in this state under any circumstances, the learned circuit court did not err in requiring plaintiff to elect upon which count it would rely. But the question of substantial compliance with the contract on the part of the plaintiff should have been submitted to the jury under proper instructions; it being borne in mind that the principal object of the contract was to obtain a "sufficient flow of water to fill a two-inch pipe in a horizontal position."