EDE, Appellant, v. WARD et al., Respondents.

(143 N. W. 269.)

1.  **Pleadings—Election Between Causes of Action—Refusal to Require Election—Harmless Error.**

    In an action against real estate brokers to recover back money paid under a contract for purchase of land, which was not carried out, where plaintiff was in doubt as to whether his remedy was based upon a contract of agency, or upon the wrongful acts of the brokers in representing that such advance payment was required by the owner, it was not error to refuse to require such election at beginning of trial; plaintiff having the right, where he is unable to determine in advance the exact nature of defendant's liability, which testimony that may be admitted will establish, to state a cause of action in more than one form, and, unless the different allegations are so inconsistent that proof of one disproves the other, he will not be required to elect. **Held,** further, that the trial court's refusal to require plaintiff to so elect, if erroneous, was not prejudicial to defendants, since plaintiff offered no evidence except what tended to establish the liability for tort.

2.  **Evidence—Self-serving Declaration—Demand Before Suit.**

    In an action to recover back money paid real estate brokers under a contract not carried out, **held,** a letter from plaintiff to the brokers not containing any material fact, but merely showing a demand by plaintiff before suit, was competent as against the objection that it was a self-serving declaration.

3.  **Appeals—Assignments of Error—Sufficiency—Order Granting New Trial.**

    On appeal from an order granting a new trial, an assignment of such order as error challenges the sufficiency of the grounds upon which the order was made, and is the only assignment that appellant can make, the office of assignments of error being to point out to trial court the alleged errors of record, which, in such case, is done by respondents on their motion for new trial.

4.  **Appeal—Review—Order Granting New Trial.**

    Granting of new trial is so largely in sound discretion of trial court that, unless there was abuse of discretion, the order will rarely be disturbed on appeal.

    Whiting, P. J., concurring specially.  McCoy, J., concurring in the views expressed by Whiting P. J.  Smith and Gates, J. J., concurring in the result.

(Opinion filed Oct. 6, 1913.  Rehearing denied Oct. 23, 1913.)

Appeal from Circuit Court, Beadle County.  Hon. ALVA E. TAYLOR, Judge.

Action by Ernest D. Ede against Harry J. Ward and another, co-partners as Ward & Brawner, to recover back purchase money under a contract of sale of realty through defendants as brokers. From an order granting a new trial on defendants' motion, after a verdict for plaintiff, plaintiff appeals. Affirmed.

*Ernest D. Ede*, and *Null & Royhl*, for Appellant.

Election of counts can be compelled only when there is an absolute incompatibility in the facts alleged so that the proof of the one will disprove the other. Norbeck & Nicholson Co. v. Pease, 21 S. D. 368, 112 N. W. 1136, 1137; Lake Shore et al. v. Warren, 6 Pac. 724.

Plaintiff's letter, exhibit "F," shows itself to be a matter of investigation and inquiry. The issue in the case is that of fraud and misrepresentation; and courts allow the largest liberality in the matter of examination, in the scope of inquiry, and in the latitude of the direct and cross-examination of the witness in all questions where fraud is involved. (6 Enc. of Evidence, 22, 23, 24).

The records show that this letter was written at a time when the plaintiff was uninformed as to which party held the four hundred dollars in question, and that the letter itself was a matter of investigation. In torts from which the malus animus cannot be presumed conclusively, whatever evidence will establish the wrong is admissible, and whether it is before or after the act is immaterial. Id. Salman v. Richardson, 79 Am. Dec. 262.

Except in cases where the party is entitled to a new trial as a matter of right, it is fully understood that motions for a new trial are addressed largely to the discretion of the court. But this discretion "does not mean that the motion will be granted or denied at the mere pleasure or fancy or feeling of the court, but that, the matter being one which can not be determined by the application of definite and precise rules, it is to be acted upon in the exercise of sound, practical judgment, in view of all the relevant facts of the particular case." It is a judicial and not an arbitrary discretion. (14 Enc. of Pl. & Prac. 930). In the case at bar no doubt necessarily arises; no discretion is demanded, all questions readily can be determined by precise rules and principles of law.

*Gardner & Churchill*, and *B. B. McClaskey*, for Respondents.

Appellant's assignment of error is not sufficient to present any question to this court. Hedlun v. Holy Terror Mining Co., 16 S. D. 261; Franz Falk Brewing Co. v. Mielens, 5 Dak. 138; State v. Chapman, 1 S. D. 414; Stephens v. Faus, 20 S. D. 367; Scanlan v. Rock, (S. D.) 125 N. W. 723; Schmidt v. Carpenter, (S. D.) N. W. 723; State v. Cleveland, 23 S. D. 335.

Appellant's assignment of error does not specifically and definitely declare or set forth how, where, in what way, on what ground or for what reason the court erred. The grounds urged by the defendants below in their motion for a new trial are numerous, raising both questions as to errors at law occurring at the trial and as to the sufficiency of the evidence to sustain the verdict. The trial court did not specify upon which of these grounds the new trial was granted, and the appellant in his assignment of error has not specified or pointed out wherein it was error for the trial court to grant a new trial, or wherein such order "is against law." Id.

The plaintiff should have been required to elect upon which of the two separate causes of action of his complaint he would proceed, and should not have been permitted, by merely fusing and combining them into one count, to avoid such election. Davis v. Tubbs, 7 S. D. 448; Jones v. Winson, 22 S. D. 480; Hause v. Hause, (Minn.) 13 N. W. 43; Snore v. Hammond, (Mich.) 103 N. W. 834; Tuthill v. Skidmore, (N. Y.) 26 N. W. 348; Ehrsam & Sons v. Jackman, (Kan.) 85 Pac. 559; Pierce v. Carey, 37 Wis. 232; Supervisors v. Decker, 30 Wis. 624.

The plaintiff's two causes of action were inconsistent, and for that reason plaintiff should have been required to elect.

The court erred in overruling defendant's objection to the introduction of exhibit "F." It is a self-serving letter, written by plaintiff to defendant Ward six months after the last act of the transactions between them. Carlyle v. Plummer, 11 Wis. 105; Dawson v. Pogue, (Ore.) 22 Pac. 637.

No abuse of discretion by the trial court has been shown, and its order granting a new trial should be affirmed. Clark v. Madden, (S. D.) 136 N. W. 111, and many other South Dakota cases.

POLLEY, J. On and for some time prior to the 1st day of February, 1911, defendants, as real estate dealers in the city of

Huron, were the agents, for the owners, for the sale of two adjoining quarter sections of land in Beadle county. Plaintiff, a practicing attorney at law, was also, to some extent, engaged in the real estate business, and on or about the above-named date made inquiry of defendants as to the price and terms upon which the said land could be purchased. Either at the first interview or very soon thereafter, plaintiff informed defendants that he had a client in Nebraska who was a prospective purchaser for the said land, if it could be had on satisfactory terms. Several interviews took place between plaintiff and defendants, which terminated, on the 26th day of said month, in the execution by defendants of separate written contracts for the sale of each of said quarter sections of land to plaintiff, or such person as he might name. Defendants represented to plaintiff that the owners of the land each required an advance payment of $500, and would not enter into the contract until such payment was made. Plaintiff had received no money from his client, but complied with this requirement himself, and paid this $1,000 by giving defendants two checks,—one for $250, and one for $750. This money was to apply on the purchase price of the land, and each of the written contracts contained an acknowledgment of the payment of $500 on the purchase price. The price of the land made by defendants to plaintiff was in excess of the price made by, and that was to be received by, the owners of the land, and this excess represented the profit or commission that defendants were to have for negotiating the sale.

Within two or three days after the execution of the contracts, plaintiff received information from the prospective purchaser to the effect that he would not be able to carry out the contract to purchase, and negotiations came to an end. Plaintiff informed defendants of this fact on or prior to the 10th of March, 1911, and asked them to return the $1,000 he had given them, and to cancel the contracts. Shortly thereafter one of the defendants told plaintiff that he had succeeded in getting back $600, but was unable to get back any more. He thereupon produced the $750 check that had been given him by the plaintiff, but which had never been cashed, and asked plaintiff for the difference between that and $600, amounting to $150. Plaintiff gave defendant a check for $150, returned the two contracts, and defendant returned to him the $750 check. It afterwards developed that neither of the

owners of the land had required or had received any money whatsoever on the transaction; that defendants did give $200 to a representative of the owner of one of the quarters, but that this was returned to them when the contracts were cancelled. When plaintiff learned these facts, he demanded of the defendants a return of the $400 retained by them, and, upon their refusal to return the same, brought this action.

Plaintiff's complaint, in form, sets up two causes of action—one alleging a contract of agency between plaintiff and defendants, and that he had advanced them, as such agents, the sum of $1,000 to be by them applied on the purchase price of the land in question, but that they had used no part of it for that purpose, and had returned to him but $600 of said money, leaving a balance due of $400. The other cause of action was based upon tort, alleging that defendants had obtained from plaintiff the sum of $1,000, upon the express representation that it was necessary to use the same as an advance payment in order to secure the contracts to purchase the said land; that said representations, though wholly false, were believed and acted upon by plaintiff; that no part of the said $1,000 was used for the purpose for which it was advanced to defendants; that upon demand for a return thereof they had returned $600, but refused to return the remaining $400.

Defendants answered the complaint, without questioning the manner in which it was framed, and went to trial upon the issues thus joined. The plaintiff recovered a verdict and judgment for $300; but upon motion by the defendants the judgment and verdict were set aside, and a new trial awarded. From the order granting a new trial, plaintiff appeals.

[1] At the beginning of the trial, and before the introduction of any testimony, the defendants moved the court to require the plaintiff to elect upon which of the causes of action set out in his complaint he intended to rely. The motion was denied, but upon being renewed a little later was granted. The plaintiff thereupon asked leave of the court to strike out of his complaint the words "for a second cause of action against the defendants, the plaintiff herein alleges and complains," and insert in lieu thereof the words "and the plaintiff further states to the court," which application was granted. This left the complaint containing all the matter that had been pleaded as two causes of action, but pleaded as one

count. The defendants then moved that all that portion of the complaint which had constituted the first cause of action, as originally drawn, be stricken out as redundant, immaterial, and inconsistent with the remaining portion of the complaint, and for the further reason that the complaint stated in one count two separate, distinct causes of action, one ex contracto, and one ex-delicto. This motion was denied, and the denial thereof is assigned as error.

The question of requiring a party at the beginning of a trial to elect upon which of two or more causes of action he intends to rely has frequently been before this and other courts. Davis v. Tubbs, 7 S. D. 488, 64 N. W. 534; Austin, Tomlinson & Web. M. Co. v. Heiser et al., 6 S. D. 429, 61 N. W. 445; Norbeck & Nicholson Co. v. Pease, 21 S. D. 368, 112 N. W. 1136. There seems to be a general rule requiring a party at the beginning or the trial to so elect; but it is by no means an absolute or inflexib'e rule, but one that must yield to the demands of justice and equity. Pom. Rem. & Rem. Rights, § 576. We believe the rule was correctly stated by this court in Norbeck & Nicholson Co. v. Pease, supra, as follows: "Whenever there is a wrong to be righted in a court of justice, and the complainant is unable to determine in advance whether the testimony that the court may admit at the trial will establish the defendant's liability for the breach of an express contract, or whether the violation of an implied agreement to pay the amount demanded as reasonable compensation will be the basis of the obligation, it would defeat the chief purpose of the reform system to compel an election between statements or counts that are likely to be established and justify the relief demanded. Therefore, when the exact nature of plaintiff's legal right or the defendant's liablity under a certain state of facts is doubtful, it appears to be common practice to state a cause of action in more than one form, and, unless the different allegations are so inconsistent that proof of one will disprove the other, the pleader ought not to be required to elect in advance of the trial"—citing Wilson v. Smith, 61 Cal. 209; St. Louis Gas Light Co. v. City of St. Louis, 86 Mo. 495; Blank v. Hartshorn, 37 Hun, 101; Burton v. Rosemary Mfg. Co., 132 N. C. 17, 43 S. E. 480; Maguire v. St. Louis Transit Co., 103 Mo. App. 459, 78 S. W. 838; Spotswood v. Morris, 10 Idaho, 129, 77 Pac. 216; Leonard v. Roberts, 20 Colo.

88, 36 Pac. 880; Stearns v. Du Bois, 55 Ind. 257; Whitney v. Railway Co., 27 Wis. 327; Collingwood v. Merchants' Bank, 15 Neb. 118, 17 N. W. 359; Plummer v. Mold, 22 Minn. 15; Hosley v. Black, 28 N. Y. 438; 4 Current Law, 998; 5 Encyc. Pl. & Pr. 321.

In the case at bar it is plain that the plaintiff was in doubt as to whether his remedy was based upon a contract of agency or upon the wrongful and tortious acts of the defendants, and therefore there was no error in the denial of defendants' application to require the plaintiff to elect; but in this case it is clear that defendants were in no wise prejudiced by the ruling of the court, even though it had been erroneous, for the plaintiff offered no evidence except what tended to establish the liability for the tort.

[2] At the trial plaintiff offered in evidence a letter, written by himself in October, 1911, to one of the defendants (then in Scotland), demanding an accounting for the $400 involved in this case. This was objected to on the ground that it was a self-serving declaration. The objection was overruled, and this ruling is assigned as error. The letter does not purport to contain any material fact, other than to show a demand made by plaintiff before the commencement of the action, and there was no error in its admission in evidence.

It is strenuously urged by appellant that the evidence is insufficient to support the verdict. We have carefully examined the portion of the record to which our attention is directed by this assignment. It does not apear whether or not the verdict was set aside because of the insufficiency of the evidence; but, as a new trial was awarded, and as there may be other or additional evidence adduced on a retrial of the case, we have refrained from expressing any opinion as to the weight or sufficiency of the evidence.

[3] Respondents complain that appellant's assignments of error are insufficient to present any question for review, and cite a large number of decisions of this court in support of their position. There is no merit in this contention; neither are the cases cited in point. The rule invoked by counsel is not applicable in this case. The office of specifications of error is to point out to the trial court the errors claimed by the moving party to exist in the record. In the case at bar this was done by respondents themselves on their motion for a new trial. This motion

was granted, and the order granting the new trial is assigned as error by appellant. This assignment challenges the sufficiency of the grounds upon which the order granting the new trial was made, and is the only assignment that could be made by appellant. The cases cited by respondents are all appeals from judgments and orders denying a new trial, while this is an appeal from an order granting a new trial.

[4] This disposes of the questions presented by counsel. We have carefully examined the record, and fail to find that the trial court has committed any error, or that we would be warranted in reversing the order awarding a new trial. In conclusion, we may say that the granting of a new trial is a matter that is vested so largely in the sound discretion of the trial court that, unless it is made to appear that there has been an abuse of this discretion, an order granting a new trial will rarely be disturbed.

There is nothing in this record suggesting any such abuse of this discretion, and the order awarding a new trial is affirmed.

WHITING, P. J. (concurring). I concur in the result reached in the foregoing opinion, as I fully agree that an order granting a new trial will seldom be reversed; and then only when there appears a clear abuse of the discretion that is by law vested in the trial court. I see no reason for discussing at this time the correctness of the trial court's rulings made during the course of the trial, inasmuch as it is not upon any error in such rulings that my colleague's conclusion is based. Appellant pleaded two causes of action; his own testimony wholly failed to sustain either. Moreover, under the undisputed facts he was entitled to recover $400, if anything. The verdict was for $300. There was no abuse of discretion in the granting of a new trial. A refusal to grant same would have been error.

McCOY, SMITH, and GATES, JJ., concur in the views expressed by WHITING, P. J.