(March 11, 1889.)

## SMITH v. ANDERSON ET AL.

### [21 Pac. 412.]

COMMISSIONS OF BROKER.—Where a party employs a real estate broker to sell a piece of real property at a stipulated price, at an agreed commission, and the broker finds a purchaser and introduces him to his employer, and afterward the employer sells the property to said purchaser at a less price and refuses to pay the broker his commission, held, the broker is entitled to his commission of ten per cent.

APPEAL from District Court, Bingham County.

J. T. Morgan, for Appellants.

The plaintiff has no cause of action unless the evidence shows that he brought to defendant a purchaser able and willing to pay for the ranch the stipulated price. (*McArthur v. Slauson,* 53 Wis. 41, 9 N. W. 784; *Cassady v. Seeley,* 69 Iowa, 509, 29 N. W. 432; *Bradford v. Menard,* 35 Minn. 197, 28 N. W. 248; *Duclos v. Cunningham,* 102 N. Y. 678, 6 N. E. 790; *McClave v. Paine,* 49 N. Y. 562, 10 Am. Rep. 431; *Wylie v. Bank,* 61 N. Y. 415; *Brown v. Pforr,* 38 Cal. 552, 553; *Mc-Gavock v. Woodlief,* 20 How. 221; *Dolan v. Scanlan,* 57 Cal. 261.)

Smith & Smith, for Respondent.

No objection to the instructions can be considered, as no objection to them was made on the trial, and no objections reversed. (*Black v. City of Lewiston,* ante, p. 276, 13 Pac. 80; *Burton v. Ferry Co.,* 114 U. S. 474, 5 Sup. Ct. Rep. 960; *Connecticut Mut. Life Ins. Co. v. Union Trust Co.,* 112 U. S. 250, 5 Sup. Ct. Rep. 119.)

LOGAN, J.—The plaintiff in this action alleges that in the month of August, 1886, the plaintiff, being engaged in the business of buying and selling real estate upon commission, was employed by the defendants to find for them a purchaser for a certain ranch, known as the "Booth Ranch," then the

property of the defendants; that in case the plaintiff found a purchaser the defendants agreed to pay the plaintiff ten per cent upon the price for which said ranch should be sold; that plaintiff did find a purchaser for the ranch, and brought him to the defendants; and that thereafter the defendants sold the said ranch to such purchaser for the sum of $6,000. The complaint contains a second cause of action, substantially the same as the first, except that the plaintiff claimed the right to recover upon a *quantum meruit*. The answer is substantially a general denial. Upon the issues raised the cause duly came to trial, and the jury rendered a verdict for the plaintiff, and assessed his damages in the sum of $600. The evidence given at the trial was very brief, and upon the part of the plaintiff it was to the effect that he was employed by the defendants in the month of August, 1886, to find a purchaser for the Booth ranch, at the sum of not less than $8,000; that during the month of November, 1886, he had a conversation with one E. A. Potter in regard to the purchase of said ranch, and that thereupon he took said Potter to the defendants, and introduced him to them; that he had been for some time negotiating the trade with said Potter while the ranch was owned by and in the possession of Booth; that Potter subsequently came to the plaintiff, and told him that he could buy the property from the Andersons, the then owners of the property, and employers of the plaintiff, for a less sum than he was offered the property by the plaintiff. It further appears that the plaintiff advertised the property for sale in certain newspapers, at his own expense, and that in January, 1887, he presented the advertisement to the defendants, and called their attention to it; that afterward, some time in May, 1887, defendants sold the ranch to said Potter for $6,000, and received the money; that prior thereto, in the month of March, 1887, said defendants notified the plaintiff that he was not to act any further as agent to procure a purchaser for said ranch, and discharged said plaintiff from said employment, and said they did not desire to sell the ranch; that the plaintiff never did anything with reference to the sale after March, 1887, nor before, except as before testified; and that ten per cent on the purchase price was a reasonable fee for procuring the sale; and that he had

been engaged in the real estate business for three years. The plaintiff then rested. Thereupon the defendants moved the court for a nonsuit, which motion was denied. No exception was taken to the charge of the court to the jury, and no requests were made by the defendants upon the court. The whole question, therefore, rests upon the very simple proposition as to whether the court was right in refusing to grant a nonsuit.

In considering the evidence upon a motion of this character we are bound to assume that the same was true, and to consider what natural inference the jury might arrive at from a consideration of the testimony. The plaintiff was employed by the defendants to do a particular thing—namely, to procure a purchaser for the ranch, at the sum of $8,000, for which services he was to receive ten per cent. upon the purchase money paid. It appears that in the month of March, 1887, the defendants revoked, or attempted to revoke, the agency of the plaintiff, and in their notice of revocation they used the following language: That the plaintiff was not to act any further as agent to procure a purchaser for said ranch, and discharged the plaintiff from their employment, and stated further that they did not desire to sell the ranch. Yet, in the face of this statement, and about a month thereafter, they consummated a sale with the very person with whom the plaintiff had negotiated, and to whom he had introduced the defendants as a purchaser. It is also fair to presume that some negotiations had preceded the actual consummation of the sale, so that it could not have been very far from the time of the revocation by the defendants of the plaintiff's agency that the negotiations were taken up by the defendants in person. Considering these facts, and considering the fact that the defendants stated in their letter of revocation that they did not desire to sell the ranch, yet, in the very teeth of that statement, proceeding to sell, and to the very person to whom the plaintiff had introduced them, it was a fair inference from the testimony that the object of the letter of revocation was an attempt to deprive the plaintiff of his commission. (*Lloyd v. Matthews,* 51 N. Y. 124; *Martin v. Silliman,* 53 N. Y. 615; *Sussdorff v. Schmidt,* 55 N. Y. 319.) The evidence, although not very full, was sufficient to justify

the court in refusing the motion for a nonsuit. These defendants should not be permitted by their own act to deprive the plaintiff of his lawful commissions, and, the case having been submitted to the jury upon the whole evidence, and the jury having found a verdict for the plaintiff, we do not deem it proper, under the circumstances, to interfere with that verdict. The judgment is therefore affirmed.

Weir, C. J., and Berry, J., concurring.