(June 6, 1904.)

## SPOTSWOOD v. MORRIS.

[77 Pac. 216.]

PLEADING—FACTS UNKNOWN TO PLAINTIFF—ELECTION BETWEEN COUNTS —SALE OF LAND—AGREEMENT FOR COMMISSION.

1. In an action to recover commission for the sale of real estate under circumstances where the exact legal nature of plaintiff's right and defendant's liability depends upon facts within the peculiar knowledge of the defendant the plaintiff may set forth the same single cause of action in several counts and with different averments so as to meet the possible proofs which will appear on the trial. In other words, when a plaintiff has two or more distinct and separate reasons for the right to the relief he asks, or when there is some uncertainty as to the ground of recovery, the complaint may set forth a single claim in several distinct counts.

2. *Held,* that the complaint states a cause of action.

(Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Honorable Edgar C. Steele, Judge.

Action to recover commissions for sale of real estate. Demurrer to complaint sustained and judgment of dismissal entered. Judgment reversed.

The facts are stated in the opinion.

I. N. Smith, for Appellant.

Where the facts, constituting the cause of action, are peculiarly within the knowledge of the defendants, the plaintiff is permitted to state his cause of action in as many forms as may be necessary to meet the contingencies of proof. A motion to elect should be denied. (*Rucker v. Hall,* 105 Cal. 425, 38 Pac. 962; *Whitney v. Railway Co.,* 27 Wis. 327; Pomeroy's Remedies and Remedial Rights, sec. 576; Boone on Code Pleading, sec. 26; *Wilson v. Smith,* 61 Cal. 209; *Longprey v. Yates,* 31 Hun, 432 (overruling former position); *Leonard v. Roberts,* 20 Colo. 90, 36 Pac. 880; *Supervisors of La Pointe v. O'Malley,* 46 Wis. 35, 50 N. W. 521. See discussions of rule, 5 Ency. of

Pl. & Pr. 321-323.)   The rule extends to permitting one cause of action to be stated both upon an express and an implied contract.   (5 Ency. of Pl. & Pr., p. 324.)   The rule is based upon the principles of equity.   (5 Ency. of Pl. & Pr., p. 322, note "Double Aspect.")   Where there is any conflict between the rules of law with the rules of equity, the rules of equity "shall prevail."   (Idaho Rev. Stats., sec. 4020.)   The supreme court of Idaho has sustained a complaint pleaded both in express and implied contract, to recover commissions on a real estate transaction.   (*Smith v. Anderson*, 2 Idaho (Hasb.), 537, 21 Pac. 412.)   If the facts be that the broker has a prospective customer with whom he is negotiating, and the owner, while such negotiations are pending, sells the property to that customer, clearly the owner is liable for the broker's commission, notwithstanding the broker had not found a purchaser ready, able and willing to take the property at the terms on which he held the property for sale.   (*Von Tobel v. Stetson & Post Mill Co.*, 32 Wash. 683, 73 Pac. 788 (790) ; *Smith v. Anderson*, 2 Idaho (Hasb.), 537, 21 Pac. 412 ; *Plant v. Thompson*, 42 Kan. 664, 16 Am. St. Rep. 512, 22 Pac. 726 ; *Ratts v. Shepherd*, 37 Kan. 20, 14 Pac. 496 ; *Stewart v. Mather*, 32 Wis. 344 ; *Woods v. Stephens*, 46 Mo. 555 ; *Fischer v. Hall*, 91 Ind. 243 ; *Lockwood v. Rose*, 125 Ind. 588, 25 N. E. 710 ; *Sibbald v. Iron Co.*, 83 N. Y. 378, 38 Am. Rep. 441 ; *Reynolds v. Tompkins*, 23 W. Va. 229.)   It is also well settled that in every case where the broker who has been employed to sell, introduces a purchaser to the owner, and through such introduction negotiations are begun which result in final sale to such person, the broker is entitled to his commission, although in point of fact the sale may have been made by the owner.   (*Jones v. Adler*, 34 Md. 440 ; *Woods v. Stephens*, 46 Mo. 555 ; *Hafner v. Herron*, 165 Ill. 242, 46 N. E. 211 ; *Bash v. Hill*, 62 Ill. 216 ; *Loyd v. Matthews*, 51 N. Y. 124 ; *Lyon v. Mitchel*, 36 N. Y. 235, 93 Am. Dec. 502 ; *Young v. Hughes*, 32 N. J. Eq. 372 ; *Wilson v. Mason*, 158 Ill. 304, 49 Am. St. Rep. 162, 42 N. E. 134 ; *Keys v. Johnson*, 68 Pa. St. 42 ; *Pope v. Beals*, 108 Mass. 561 ; *Desmond v. Stebbins*, 140 Mass. 339, 5 N. E. 150 ; *Lincoln*

*v. McClatchie,* 36 Conn. 136; *Dreisbeck v. Rollins,* 39 Kan. 268, 18 Pac. 187; *Scott v. Clark,* 3 S. Dak. 486, 54 N. W. 538 (540); *Scott v. Patterson,* 53 Ark. 49, 13 S. W. 419; *Fiske v. Soule,* 87 Cal. 313, 25 Pac. 430; *Leonard v. Roberts,* 20 Colo. 88, 36 Pac. 880; *Wood v. Wells,* 103 Mich. 320, 61 N. W. 503.) The defendants are a joint-stock company—that is to say, a partnership as to a third person, so far as their liabilities are concerned. (*Claggett v. Kilbourne,* 1 Black, 346, 17 L. ed. 213; 17 Am. & Eng. Ency. of Law, 2d ed., p. 636; *Carter v. McClure,* 98 Tenn. 109, 60 Am. St. Rep. 842, 38 S. W. 585, 36 L. R. A. 282; *Robinson v. Smith,* 3 Paige, 222, 24 Am. Dec. 212.) An unincorporated joint-stock company is governed by the legal rules applicable to partnerships. (*Allen v. Long,* 80 Tex. 261, 26 Am. St. Rep. 735, 16 S. W. 43; *Bullard v. Kenney,* 10 Cal. 60; *Butterfield v. Beardsley,* 28 Mich. 412; 17 Am. & Eng. Ency. of Law, 2d ed., p. 637, note 2 et seq.; *Webster v. Clark,* 34 Fla. 637, 43 Am. St. Rep. 217, 16 South. 601, 27 L. R. A. 126; *Spaulding v. Stubbins,* 86 Wis. 255, 39 Am. St. Rep. 888, 56 N. W. 469; *Goldsmith v. Eichold Bros. & Weiss,* 94 Ala. 116, 33 Am. St. Rep. 97, 10 South. 80.)

James E. Babb and Daniel Needham, for Respondents.

The court did not err in sustaining the motion requiring plaintiffs to elect between the several counts set forth in the complaint. (Pomeroy's Code Remedies, 3d ed., secs. 73, 576; *People v. Slocum,* 1 Idaho, 62.) The complaint contains four counts, setting up claims for recovery, but whether they are really one claim stated in different forms, or separate and distinct claims, it is difficult on reading the complaint to discover. The rule is that it is considered no variance from the proof if the facts show a substantial right to recover under the allegation, and the necessity of having various forms of stating the same cause of action is thus fully obviated. (*Smith v. Anderson,* 2 Idaho (Hasb.), 537, 21 Pac. 412.) Even if it had been error to order the plaintiffs to elect, they having preferred to make the election rather than have the entire complaint stricken out, made their election in open court, and chose

to rest upon the second count of the complaint and the balance of the complaint was thereupon stricken out. The plaintiffs by their election waived any error in the order requiring them to elect. (2 Cyc. 644, 645, 1088; *Murphy v. Russell,* 8 Idaho, 133, 67 Pac. 425; *Pence v. Durbin,* 1 Idaho, 550.) It appears in paragraphs 3 to 7 of the complaint that the defendants con- stituted a voluntary unincorporated association, which is styled a "joint-stock company." (17 Am. & Eng. Ency. of Law, 2d ed., pp. 636-638, entitled "Joint-Stock Companies"; 4 Ency. of Pl. & Pr., p. 309, same title; 29 Century Digest, pp. 1511, 1512, same title; 4 Cyc. 308-310; *Sullivan v. Campbell,* 2 N. Y. Supp. (2 Hall) 295; *McConnell v. Denver,* 35 Cal. 365, 95 Am. Dec. 107; *Willis v. Greiner,* (Tex. Civ. App.), 26 S. W. 858.) On rehearing the court says: "It was such as the president and secretary had no authority to make. There is no evidence to show that the contract was ratified by the di- rectors." (11 Am. & Eng. Ency. of Law, 2d ed., p. 1038, note 1.) The association, however, had the power to make the con- tract sued on and to confer the authority upon its president and secretary; but it is not shown that it ever did so. The secretary having been designated as the agent to make the sale, he has no authority to delegate his office and engage another to do so, and anyone relying upon a contract involving such a delegation, as the plaintiffs do in this case, must fail. Plain- tiffs urge that authority to sell subject to direction of share- holders implies authority to delegate the power to another to do so and to make such delegation without the direction of the shareholders. (*Jones v. Brand,* 20 Ky. Law Rep. 1997, 50 S. W. 679; Mechem on Agency, sec. 185; 1 Am. & Eng. Ency. of Law, 378; *Barret v. Rhem,* 6 Bush, 466; *Rudd v. Railway Co.,* 7 Ky. Law Rep. 823; *Birch v. Powell,* 15 Ky. Law Rep. 455; *Bonwell v. Howes,* 2 N. Y. Supp. 717; *Cor- roll v. Tucker,* 21 N. Y. Supp. 952. See, also, concerning joint-stock companies, *M. W. Powell Co. v. Finn,* 198 Ill. 567, 64 N. E. 1036, 1037; *In re Pittsburg Wagon Works Estate, Appeal of Kountz,* 204 Pa. St. 432, 54 Atl. 316; *Appeal of Merchants' Fund Assn.,* 136 Pa. St. 43, 20 Atl. 527, 9 L. R. A. 421.) There are some authorities which apparently go so far

as to hold that where a purchaser is introduced, if the seller makes a sale even for a less price than the list price with the agent, the agent is entitled to his commission. The authorities so holding, however, are very limited in number and are not founded on reason or on a careful discrimination of the authorities upon which they purport to be based. Authorities are frequently cited as so holding which contain no support for such a proposition. The authority which comes nearest holding this is *Hubachek v. Hazzard,* 83 Minn. 437, 86 N. Y. 426. Different authorities submit that there is no doctrine worthy of consideration creating a liability for commission where property has been listed at a definite price, unless a purchaser is produced willing to pay that price, unless only there is some wrongful or immoral conduct of the defendant in fraudulently selling at a lower price and attempting to make it appear that the purchaser was not one willing to pay the list price. In view of the multitude of cases upon these subjects, defendants' counsel will refer to only a sufficient number to clearly illustrate the principles to the court. One of the most extensive discussions of this question is found in the unanimous opinion of the court of appeals in *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378, 38 Am. Rep. 441; *Ames v. Lamont,* 107 Wis. 531, 83 N. W. 780; *McArthur v. Slauson,* 53 Wis. 41, 9 N. W. 784. In *Jacob v. Shenon,* 3 Idaho, 274, 29 Pac. 44, in the syllabus it is stated that in such an action the complaint "must allege in direct and positive terms that the party of the second part did render services which resulted in the sale thereof, or that he produced a party ready, willing and able to purchase said property upon the terms named; otherwise it is insufficient." (*Sullivan v. Mulliken,* 113 Fed. 94, 51 C. C. A. 79; *Rees v. Pellow,* 97 Fed. 167, 38 C. C. A. 94; *Plant v. Thompson,* 42 Kan. 664, 16 Am. St. Rep. 512, 22 Pac. 726; *Fraser v. Wyckoff,* 63 N. Y. 445, 13 L. ed. 525; *Corbel v. Beard,* 92 Iowa, 360, 60 N. W. 636; *Barnes v. German Savings etc. Soc.,* 21 Wash. 448, 58 Pac. 569; *Von Tobel v. Stetson & Post Mill Co.,* 32 Wash. 683, 73 Pac. 788.) Denver Townsite Company, in its association name, was not a defendant in this action, and the judgment should not be reversed because of the court's refusal

to grant the plaintiff a default as against Denver Townsite Company in its association name. (*Davidson v. Knox,* 67 Cal. 143, 7 Pac. 413; *Feder v. Epstein,* 69 Cal. 456, 10 Pac. 785; *Herron et al. v. Cole et al.,* 25 Neb. 692, 41 N. W. 765-767; *Hanna v. Emerson et al.,* 45 Neb. 708, 64 N. W. 229; 15 Ency. of Pl. & Pr. 850; *Peabody v. Oleson,* 15 Colo. App. 346, 62 Pac. 234; *Sawyer v. Armstrong,* 23 Colo. 287, 47 Pac. 391; Idaho Rev. Stats., sec. 4112.)

SULLIVAN, C. J.—This is an appeal from a judgment of dismissal given and entered after demurrers to the complaint were sustained. The action was brought to recover commission alleged to have been earned in a real estate transaction. It is alleged in the complaint that the defendants are a voluntary, unincorporated joint-stock company. The plaintiffs, who are appellants here, are real estate dealers. The defendants owned a large tract of land situated in Idaho county, which they, through their vice-president and secretary, placed with plaintiffs for sale at a specified price. Said contract was entered into in the month of May, 1902, and was for the sale of two thousand seven hundred and twenty and eighty one-hundredths acres of land, so as to net the defendants $17.50 per acre and to pay the plaintiffs five per cent commission over and above that price.

It is alleged in the complaint that after the employment as aforesaid they entered upon the discharge of their contract and procured a purchaser for said lands who was ready, willing and able to purchase the same and pay therefor, and introduced said purchaser to the defendants through said association's vice-president; but that thereafter, and while plaintiffs were still negotiating with said purchaser for the sale of said lands, the defendants concluded and perfected a sale of said lands to said purchaser for the sum of $47,000 on August 15, 1902; the same being a smaller sum than that for which the defendants had listed said land with the plaintiffs. That the plaintiffs thereafter demanded the payment of their commission, amounting to the sum of $2,350, with interest at seven per cent per annum from August 15, 1902, no part of which has been paid. And

by way of charging the same cause of action in a different form and as a second count, the appellant alleged after reiterating several allegations of the first cause of action or count, that the transactions had between the defendants and said purchaser, after the introduction of said purchaser to them by the plaintiffs, are peculiarly within the knowledge of the defendants, and for that reason plaintiffs ask to be permitted to and did state their cause of action on a *quantum meruit*, and allege that their services in procuring said purchaser were reasonably worth five per cent on the amount for which said lands were sold, amounting to $2,350, and that the same had not been paid.

By way of charging the same cause of action in a different form and as a third count of the complaint, the plaintiffs reiterate numerous allegations found in the first cause of action, and aver that the transactions had between the defendants and said purchaser, after the introduction of the purchaser to said defendants by the plaintiffs, were peculiarly within the knowledge of said defendants; and plaintiffs therefore ask to be permitted to charge the same cause of action in a third form, and aver that by the various actions of the said defendants in so making such sale to such purchaser at a sum less than that to which said lands had been listed by the defendants to the plaintiffs. the plaintiffs became and were prevented from concluding the sale with the purchaser upon the terms and for the price which said lands had been listed with plaintiffs, and had thus prevented the plaintiffs from completing said sale and deprived them of their commission, and that by said acts of the defendants, plaintiffs became and were damaged by the breach of said contract by the defendants in the sum of $2,350 with interest, and pray for judgment for that sum.

Thereafter the defendants moved that the plaintiffs be required to elect as between the three causes of action or counts stated in the complaint, and demurred to the complaint on several grounds. The court sustained the motion requiring the plaintiffs to elect, and they elected to stand on the second count of the complaint, and the other two counts were stricken out by order of the court. The court also sustained demurrers to the complaint. Counsel for appellants refused to amend the

complaint and judgment of dismissal was entered, from which judgment this appeal is taken.

The appellants have specified seven (7) errors. The first is that the court erred in sustaining the motion to compel plaintiffs to elect. It appears from the complaint that the same cause of action is stated in three different counts. It appears from the allegations of the first count that the recovery is sought on the contract alleged to have been entered into for the sale of said real estate; and the allegations of the second count show that the recovery is upon a *quantum meruit,* and the third that the defendants were prevented from concluding the sale with the purchaser by the acts of the defendants by their selling the land to said purchaser at a lower price than they had listed it to plaintiffs, and that they were therefore injured in the amount of their commission, $2,350.

It is contended by counsel for appellants that the facts constituting the sale of said real estate between the purchaser and the defendants were peculiarly within the knowledge of the defendants, and for that reason the plaintiffs are permitted to state their cause of action in as many forms as may be necessary to meet the contingency of the proof. In support of that contention counsel cites *Rucker v. Hall,* 105 Cal. 425, 38 Pac. 962, where it was held in an action to recover commissions for a sale of real estate under a contract for payment thereof at a certain rate if certain facts were true, and at another rate if other facts were true, and all the facts are peculiarly within the knowledge of the defendant, plaintiff may state his cause of action in different counts accordingly and should not be compelled to elect on which one he will proceed. Section 576 of Remedies and Remedial Rights, by Pomeroy, is also cited. *Inter alia,* the author there states: "Under peculiar circumstances, when the exact legal nature of plaintiff's right and of the defendant's liability depends upon facts in the sole possession of the defendant, and which will not be developed until the trial, the plaintiff may set forth the same single cause of action in varied counts and with different averments, so as to meet the possible proof which will for the first time fully appear upon the trial. This proposition is plainly just and right,

and is sustained by the authority of able courts." It was held in *Wilson v. Smith,* 61 Cal. 209, under the Code of California which provides that the complaint must contain a statement of the facts constituting cause of action in ordinary and concise language, the plaintiff may set them out in two separate forms when there is a fair and reasonable doubt of his ability to safely plead them in one mode only. In 5 Encyclopedia of Pleading and Practice, page 321, the author states as follows: "When a plaintiff has two or more distinct and separate reasons for the obtainment of the relief he asks, or when there is some uncertainty as to the grounds of recovery, the complaint may set forth the same claim in several distinct counts or statements." Numerous authorities are cited in support of that statement.

In the case of *Smith v. Anderson,* 2 Idaho, 537, 21 Pac. 412, the cause of action was stated in two different counts, the first on a contract, the second upon a *quantum meruit.* But it does not appear to have been decided whether the plaintiff could have been compelled to elect on which count he would rely. Counsel for respondent cites in support of the action of the court in compelling the appellant to elect, section 576 of Remedies and Remedial Rights, and *People v. Slocum,* 1 Idaho, 62. In the latter citation it appears that a demurrer was interposed to the complaint, the third ground of which was that the complaint was ambiguous, uncertain, etc. Chief Justice McBride, in passing upon the demurrer, stated: "The complaint contains four (4) counts, setting up claims for recovery, but whether they are really one claim stated in different forms or separate and distinct claims, it is difficult on reading the complaint to discover. Whether the plaintiffs intend to say that they have suffered losses amounting in the aggregate of $14,000, or whether they intend to fix them at $8,000 or $5,000 it is impossible to tell on a comparison of the counts with one another." And the demurrer was sustained on the ground of ambiguity and uncertainty. It is then stated by the learned chief justice that "The rule under the code allows a party to state as many causes of action as he may have if they are of a character to be properly combined in the same complaint, but it does not permit

a party to set out the same cause of action under different forms." The last statement there made, to wit, that it does not permit a party to set out the same cause of action under different forms, was not necessary to a decision of the point there under consideration and was *dictum* and is overruled. We think that the rule is well settled by an overwhelming weight of authority that where a plaintiff has two or more distinct and separate reasons for the relief he asks, or when there is some uncertainty as to the grounds of recovery, that he may set forth such claim in several distinct counts or statements in his complaint. The court erred in compelling the plaintiffs to elect on which count of the complaint they would proceed.

The other errors assigned may be considered under the one assignment, to wit, that the court erred in sustaining the demurrers. It is shown by the record that counsel for defendants, after the motion to elect had been sustained by the court, and after counsel for appellants had elected to proceed on the second count of the complaint, filed their demurrers to said second count on the ground that it does not state facts sufficient to constitute a cause of action, and that the same is uncertain or ambiguous or unintelligent, in that it seeks a recovery upon an express contract for a certain sum, also on an implied contract for a reasonable sum; each of said grounds of recovery being inconsistent with the other.

While it is true that plaintiffs reiterate and repeat the allegations numbered 1, 2, 3, 4, 5, 6, 7, 8 and 9 of the first cause of action as the complaint stood after the election of plaintiffs to stand on the second count, those allegations must be considered as a part of the second count of said complaint. And as we have determined above that it was error to compel the plaintiffs to elect on which one of the counts they would proceed to trial, we must then consider whether the complaint as it originally stood states a cause of action, although the demurrer sustained by the court was aimed at the second count of the complaint alone.

After a most careful consideration of the allegations of the complaint viewed in the light of the very thorough and exhaustive oral arguments and briefs of respective counsel, we

conclude that the complaint states a cause of action, and there was error in sustaining said demurrers. We do not intend to, nor do we hold, that under the articles of association referred to in the complaint, that the vice-president and secretary of said association had the authority to list said real estate with the plaintiffs for sale; but we hold under all of the facts alleged in the complaint that a cause of action is stated, and if the defendants have a defense to said action it must be made by answer and proof. The judgment of dismissal must be reversed and the cause remanded with instructions to the trial court to permit the defendants to answer. Costs of this appeal are awarded to the appellants.

Stockslager, J., and Ailshie, J., concur.