### WARREN *v.* VANDERVELDE.

Brokers—Commission—Contracts.

In a suit for brokers' commissions where the agents did not secure a purchaser at the price stipulated in their contract, but secured a prospective buyer that finally took the property at a lower price during the life of the contract, *held*, that the evidence did not warrant the court in directing a verdict for defendant; that the question, under conflicting proofs, was for the jury.

Error to Kent; Perkins, J. Submitted June 13, 1916. (Docket No. 61.) Decided September 26, 1916.

Assumpsit by David H. Warren and Charles Rummell, copartners as Warren & Rummell, against Tryntje Vandervelde for brokers' commissions. Judgment for defendant on a verdict directed by the court. Plaintiffs bring error. Reversed.

*Hatch, McAllister & Raymond,* for appellants.

*Charles E. Ward,* for appellee.

Ostrander, J. In justice's court plaintiff declared orally upon all matters provable under the common counts in assumpsit and specially for a commission for the sale of real estate. Judgment for defendant was entered. In the circuit court the cause came on for trial before the court and a jury, and the trial was ended when the court directed a verdict for defendant. The plaintiffs, appellants, insist there was an issue of fact for the jury "on the question of whether or not the defendant wrongfully interfered with 'plaintiffs' pending negotiations with a prospective customer, and made the sale herself, thus entitling them to their commission," and regard the case of *Davis-Fisher Co.* v.

*Hall,* 182 Mich. 574 (148 N. W. 713), as controlling. It is undisputed that defendant desired and for a considerable time had tried to sell her farm, for which she asked $5,500. A sign was posted at the farm, and advertisements were put in one or more papers, giving notice that the property was for sale. Finally, plaintiffs undertook to sell the farm under an agreement reduced to writing,. but not correctly printed in the record. By the agreement the selling price was fixed at $5,700. The agreed commission was 5 per cent. upon $2,500 of the selling price and 2½ per cent. upon the balance. The agreement or agency was to terminate after 30 days' notice by the owner, and it was provided that the commission was to be paid if the "farm is sold directly or indirectly" by plaintiffs. There is the further provision that:

"If sold by owner without any aid of said agents, then the price will be $25.00 as compensation for their trouble and expense in advertising said farm."

The writing bears no date, but was made, as the record is understood, in the latter part of July, 1912. Notice of termination of the agency was given October 15, 1912, and the contract was surrendered November 16, 1912. Defendant, on November 23d arranged to sell the farm for $5,500 to one James Boyland, and the conveyance of the property to him was completed by delivery of the deed November 28th. It is undisputed that plaintiffs introduced Boyland as a possible purchaser, and that defendant knew that plaintiffs had tried, or were trying, to sell him the farm for $5,700. Plaintiffs did not, within the time limited, produce a customer who announced himself ready and able to pay $5,700, or any other price, for the farm, but did produce one (Boyland) during the term limited who, knowing the price asked by plaintiffs, desired to examine the premises and soil, and who did, on November

2d and November 11th, visit the premises for that purpose. He was not produced as a witness at the trial, but it appears that he expressed to plaintiffs the view, or opinion, that defendant wanted too much for the farm, and stated that, while he knew the property, he would look further into the matter. Plaintiffs, too, were of opinion that $5,700 was too large a price for the land. On November 2d, when Boyland visited the farm, he was told that it was not for sale. On November 11th, when he was at the place examining soil, defendant did not, she says, see him. On November 18th, the defendant, Boyland having called on her in Grand Rapids, fixed $5,500 as the price for the farm, but wished to consult her son about the sale, and did write to her son.

Plaintiffs make the argument which was successfully made in *Davis-Fisher Co.* v. *Hall, supra,* namely, that defendant is not in a position to say that they would not have made the sale; that Boyland was, to use the language of the opinion in that case, "a promising prospective purchaser, who not only had not refused plaintiff's offer, but with whom it might well pursue negotiations with fair prospects of success, but for the fact" that defendant advised him and the plaintiffs that the place was not for sale.

Defendant gave testimony tending to prove that she had desired to sell the farm and live in Grand Rapids, but concluded, before she moved to Grand Rapids, that she would not sell the farm, and would return to it. In any event, she wished, before determining to sell, to see how she liked to live in the city. Some rumor that an interurban railway passing by or near the farm would be built came to her, and was another reason given for determining not to sell and for canceling her contract with plaintiffs. Satisfaction with city life and the discovery that the railway was not to be built were reasons for again concluding to sell

the farm. The testimony for the defendant, if believed, would indicate her good faith in withdrawing the land from sale and canceling the contract of agency. But from all of the testimony and the circumstances disclosed by it, I think the inference might be drawn that within the life of the agreement plaintiffs indirectly sold the farm, that defendant did not, in good faith, withdraw the property from sale, but was ready and willing at all times to sell it for $5,500, and that the announcement that the place was not for sale and the cancellation of the contract were acts in an attempt to deprive plaintiffs of a commission. Upon the authority of *Davis-Fisher Co.* v. *Hall, supra,* and *Smith* v. *Anderson,* 2 Idaho (Hasb.), 537 (21 Pac. 412), the case should have gone to the jury.

The judgment is reversed, with costs to appellants, and a new trial ordered.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.